WALKER vs. WHITE.

Upon making a decree setting aside a deed executed by a judgment debtor,
as fraudulent and void against his creditors, the court has no power to di-
rect the premises to be sold, as in case of a sale upon execution, for the
purpose of paying the judgment debt.

In such a case a court of equity acts upon the *person* and not upon the *estate*
of the debtor; and may appoint a *receiver*, to take a conveyance of the
land from the debtor, and the land may then be sold by the receiver, and a
title obtained through his deed.

ACTION to set aside a deed of real estate, executed by
the sheriff of Wayne county to the defendant, Edward
White, and to compel the execution of a deed by said sheriff
of the same premises to the plaintiff.   On and previous to
the 14th of February, 1855, Miles Merrill owned the said
real estate; and on that day executed a deed thereof to his
son James E. Merrill, without any consideration, and with
intent to defraud the grantor's creditors.   In November,
1857, Porter G. Denison and David E. Garlic, creditors re-
spectively of Miles Merrill, by judgment recovered in this
court in March, 1857, severally commenced actions against
Miles Merrill, James E. Merrill and Norton W. Merrill, to
have said deed to James E. Merrill set aside for the fraud,
and the premises sold to satisfy their judgments.   The com-
plaints in the actions were not answered, and judgments were
obtained therein in February, 1858, setting aside the deed,
and directing a sale of the premises as in case of a sale on

Walker *v.* White.

execution for the purpose mentioned. On the 27th of February, 1858, copies of the judgments were handed to the defendant Nottingham, sheriff of Wayne county, who, in virtue thereof, sold the premises at public sale to Isaac Miller, giving him certificates of sale, as in case of a sale on execution. Miller assigned the certificates to the plaintiff on the 27th of April, 1858. On the 1st of August, 1859, the plaintiff demanded a deed of the premises of the sheriff, which the latter refused to give. In December, 1858, and January and June, 1859, four several judgments in this court were obtained by the defendant, Edward White, against Miles Merrill, and then duly docketed. On the 21st of July, 1859, Edward White, by virtue of his judgments, presented the necessary papers to the sheriff of Wayne county, and paid him the requisite amount to redeem the premises from the sale by the sheriff aforesaid; and the sheriff, on the 1st August, 1859, executed to him a deed of the premises on such redemption, dated the 26th of July, 1859. On the 3d of August, 1859, Miles Merrill executed a quit-claim deed of the premises to Edward White. The papers in the action of Denison and Garlic against Miles Merrill and others were given in evidence by the plaintiff. It was claimed by the defendants at the trial that no valid sale had been made by the sheriff, the decrees not being process; but if otherwise, that the judgments of Edward White were liens on the premises, and his redemption was. perfect. The referee decided that the judgments in favor of Edward White against Miles Merrill were not liens on the premises; that White, therefore, was not entitled to redeem, and that the plaintiff was entitled to a deed from the sheriff. It was therefore adjudged by the referee that the deed to White was void; and that the sheriff, on request, execute a deed of the premises to the plaintiff; also that the defendant, Edward White, pay to the plaintiff the costs of the action. Judgment having been entered on the report, the defendants appealed to the general term.

*T. R. Strong*, for the appellants. I. The judgments in the action of Denison and Garlic against Miles Merrill and others, so far as they order a sale of the premises, and the execution of a deed to the purchaser by the sheriff, are unwarranted by law, and void. Independent of statute, the court has not power to direct the sale and conveyance of real estate by a sheriff, referee, or any person or officer. It required statutes to invest the court with power to order the sale and conveyance of real estate of infants by guardian; of lands mortgaged to satisfy the mortgage by the sheriff or referee; in partition suits by commissioners or a referee; on executions to enforce judgments for the payment of money by a sheriff, and in similar cases. The only mode by which the court can effect a transfer of title to lands in cases not provided for by statute, is by ordering a conveyance by the owner, directly or through a receiver. These positions are established by the following cases: *Jackson* v. *Edwards*, (7 *Paige*, 404, 5;) *The Chautauque Co. Bank* v. *White*, (6 *Barb.* 589, *and cases there cited;*) 2 *Seld.* 236; 2 *Hoff. Ch. Pr.* 94, 5, *n.* 3; *Chautauque Co. Bank* v. *Risley*, (19 *N. Y. Rep.* 369.) They were expressly adjudicated by this court in this district in *Muir* v. *Ashby*, decided in 1854 or 1855, not reported.

II. The provisions of statute making judgments a lien on real estate, and providing for the sale of the real estate on execution, do not sustain the judgments in question and the sales under them. (1.) They relate only to judgments for the payment of money, and docketed as therein prescribed. (*Code*, §§ 282, 5, 6, 7. 2 *R. S.* 360, 1, 3, § 1. *Laws of* 1840, *p.* 334, § 25.) (2.) They provide that the execution must be directed to the sheriff; be subscribed by the party or his attorney; state the county where the judgment roll or transcript is filed; the time of docketing; and shall require the officer to satisfy the judgment out of the personal property of the debtor, and if sufficient personal property cannot be found, out of the real property belonging to him on the day

the judgment was docketed, &c. (*Code,* §§ 289, 290. 2 *R. S.* 367, § 24. *Laws of* 1840, *p.* 334, § 24.) The judgments in question are not for the payment of money ; they have not been docketed ; and the copies of the judgment handed to the sheriff can in no sense be regarded as executions to enforce the judgments, having none of the substantial requisites of that process.

III. The deed of Miles to James E. Merrill having been executed without consideration and with intent to defraud creditors, as proved by the plaintiff, by the decrees given in evidence under which he claims title, was void as to Edward White, a creditor ; hence his judgments were liens on the land, and he had a right to redeem. A deed intentionally made to defraud creditors is void as to subsequent as well as prior creditors. (*King* v. *Wilcox,* 11 *Paige,* 589, *and cases there cited.*) Clearly, White might enforce his judgments as liens on the land, by a sale of the land on execution ; and upon the same principle he might avail himself of the judgments as liens on the land to redeem from the prior sale. The deed was a nullity as to the right and claim of White under his judgments. (*Chautauque Co. Bank* v. *Risley,* 19 *N. Y. Rep.* 369, *and cases cited.*) Proceedings to redeem by the defendant White by virtue of his judgments are equally a repudiation of the deed to James E. Merrill, and an effort to displace it, as proceedings to sell the land on execution, the right to take which is undoubted.

*H. R. Selden,* for the respondent. I. The deed from Miles Merrill to James E. Merrill was not "*per se void,*" but was *voidable* only, as against judgment creditors, and at their election. It was valid between the parties, and divested the grantor of all his interest in the premises. A deed or assignment, " though void as against creditors, is always valid between the immediate parties." (*Burrill on Assignments,* 406. *Averill* v. *Loucks,* 6 *Barb.* 477. *Ames* v. *Blunt,* 5 *Paige,* 13, 17, 18, 22. *Upton* v. *Bassett, Cro.*

*Eliz.* 445. *Hone* v. *Henriques,* 13 *Wend.* 240, 243. *Briggs* v. *Palmer,* 20 *Barb.* 405. *Clute* v. *Fitch,* 25 *id.* 428.) The language of the statute is conclusive on this point. "Every conveyance, &c. made with intent to hinder, delay or defraud creditors, &c. as against the persons so hindered, delayed or defrauded, shall be void." (3 *R. S.* 5th ed. *p.* 224, § 1.)

II. The defendant's (White's) judgments were not a lien upon the premises, so as to entitle him to redeem the lands, admitting the right of redemption to exist. (3 *R. S.* 5th ed. *p.* 652, § 67, [51.] *Erwin* v. *Schriver,* 19 *John.* 380. *Hurd* v. *Magee,* 3 *Cowen,* 35, 39. *Ex parte Wood,* 4 *Hill,* 542.) The decision in *Hurd* v. *Magee,* above cited, shows that the conveyance to James E. Merrill was effectual to cut off the lien of White's judgments unless he proved the fraud, and in this case no proof whatever was offered on the part of White to show the conveyance fraudulent. (*See Jackson* v. *Town,* 4 *Cowen,* 599, 603; *Verplank* v. *Sterry,* 12 *John.* 536, 557, 8; *Wood* v. *Chapin,* 3 *Kern.* 517.) The record of the judgments in the cases of Denison and Garlic, declaring the conveyance void as against them, was not available to the defendant White, to show that the deed was also void as against him. Judgments "are not admissible in a subsequent suit, unless they are not only between the same parties, but also upon the same matter coming in question and directly upon the point." (2 *Phil. Ev., Edw. ed.,* 17, 18.) All that was in issue in the cases of Denison and Garlic, and all that was decided, was, that as against them the conveyance to James E. Merrill was fraudulent and void. To this extent all the parties to that suit were concluded; but that judgment was not only not conclusive, but it was not admissible, upon the issue, whether the conveyance was void as against White.

III. There was no evidence before the referee authorizing him to find that the sale was fraudulent as against White, and if there was, there is no exception which raises that

question. (1.) It appears that the debt to White did not exist until after the sale under which we claim. Under such circumstances, we insist the deed could not be fraudulent as against him. If that be not so, then, (2.) There is neither an allegation, nor any evidence in the whole case, that Miles Merrill owed any thing when the deed was made, and if he did not, it was entirely valid. (*Jackson* v. *Town*, 4 *Cowen*, 599, 603. *Tripp* v. *Vincent*, 3 *Barb. Ch. R.* 615. *Jackson* v. *Seward*, 5 *Cowen*, 67, 73.) (3.) In the cases above cited the conveyances were voluntary, but in the present case the deed recites a full pecuniary consideration—$4000—and there is not a particle of evidence to rebut the presumption of its payment. (*Wood* v. *Chapin*, 13 *N. Y. Rep.* 517.)

IV. The sale on the judgments divested the title of Miles Merrill at the time of the sale, even if the title remained in him, and left nothing for White's judgment to become a lien upon; or if it did, no right of redemption existed on account of it. (*Chautauque Co. Bank* v. *Risley*, 19 *N. Y. Rep.* 370, 373 *et seq. Same* v. *White*, 2 *Seld.* 249 *et seq.*) If the title was not divested without a deed, the right of redemption did not exist—as that is a purely statutory right, and is only given in cases of sales on execution. (3 *R. S.* 5th ed. *p.* 644, § 13; *p.* 651, §§ 56, 61; *pp.* 652, 3, §§ 66, 67.) The court could not by its decrees give a right of redemption where it did not exist; nor do the judgments or decrees in the cases of Denison and Garlic assume to give any such right.

V. The copies of the judgment under which the sale was made were a sufficient authority for the sheriff to make the sale. (*Code,* § 285.) The course pursued is directly within the provisions of this (285th) section of the code, and it is in accordance with the practice of courts of equity, where real estate is ordered to be sold to pay debts.

*By the Court,* E. DARWIN SMITH, J. The judgments rendered in the actions of *Denison* v. *Merrills,* and *Garlic* v. *Merrills,* declaring the deed from Miles Merrill to James E. Merrill fraudulent and void as against the plaintiffs in those suits, simply removed that deed from the way of the plaintiffs, and entitled them to proceed to sell the premises in payment of their debts. The plaintiffs might have had a receiver appointed, to take a conveyance of said land from the judgment debtor, by whom, under the directions of the court, such premises might have been sold and a title obtained through the receiver's deed; or they might have issued new executions and sold the land thereupon. The provision in the decree directing the sheriff to sell said land in the manner prescribed by law, and that he execute to the purchaser a certificate and deed in the manner required in the code in respect to sales upon executions, it seems to me, was entirely unauthorized. It is not a mode of conveying or transferring title to real estate prescribed or authorized by any statute. In *Jackson* v. *Edwards,* (7 *Paige,* 404,) the chancellor said that, "independent of the statutory provisions in aid of the power of the court, the ordinary mode in which courts of equity transferred the legal title upon a sale under a decree, was by operating upon the parties themselves, and compelling them to join in a conveyance to a purchaser."

In *Chautauque County Bank* v. *White,* (6 *Barb.* 589,) it was held that the court of chancery, upon a creditor's bill, had no power to order the sale of real estate. The court of appeals reversed this decision, holding that the purchaser would get a good title under the receiver's deed; the judgment debtor having conveyed the title to the receiver. (*S. C.,* 2 *Seld.* 236.)

In this case Judge Gardiner says that, in all cases of fraudulent trusts, the court may in its discretion direct a sale by a master, and compel the debtor and trustee to unite in a conveyance to the purchaser, or the fraudulent conveyance may be annulled and the creditor permitted to proceed to

sale on his execution. This same question was again before the court of appeals, in respect to the same receivership and the force of his deeds, in *Chautauque County Bank* v. *Risley*, (19 *N. Y. Rep.* 369.) In that case the doctrine was affirmed that courts of equity could transfer the title to real estate by requiring a conveyance to a receiver, and by a sale and conveyance by him. Judge Comstock says as follows: "The fraudulent conveyance being annulled by the decree, the *receiver, under an assignment to him,* takes the title, which he can convey to a purchaser. But the title of the receiver, and of the purchaser from him, rests upon *the debtor's own conveyance* made under the directions of the court, and has no relation to the judgment." The title in such cases must be passed by *deed*, and by the debtor's deed. The court of equity acts upon the person and not upon the estate. I cannot see, therefore, how the plaintiff can get any title to the premises under the sale mentioned in this complaint. The right of redemption claimed by the defendant fails for the same reason. The lien of the original judgments remained undischarged, and the plaintiffs may issue new executions and sell the land, or they may still apply to the court for the appointment of a receiver to take a conveyance thereof from the judgment debtor. In this view of the rights of the parties, the judgment should be reversed and the complaint dismissed. And as the parties have been in a common error in respect to their rights, it shall be without costs to either party.

[MONROE GENERAL TERM, December 2, 1861. *Johnson, Welles* and *Smith*, Justices.]