WHITE'S BANK OF BUFFALO et al., Respondents, *v.* MATILDA FARTHING et al., Appellants.

While judgment creditors, holding distinct and several judgments, may unite in an action to set aside a conveyance of land by the common debtor, made in fraud of their rights as creditors, they are not all necessary parties to such an action, and where one of them has commenced such an action, the Code of Civil Procedure (§ 452) does not require the court to compel the plaintiffs to bring in the other judgment creditors.

An order, therefore, denying a motion of other judgment creditors to be allowed to intervene in such an action is discretionary and is not reviewable here.

*People* v. *A. & V. R. R. Co.* (77 N. Y. 232), *Osterhoudt* v. *Supervisors* (98 id. 239), distinguished.

*It seems* that the judgments are liens upon the land in the order of their docketing, and if the plaintiff in the action to set aside the conveyance succeeds in establishing the fraud, he is entitled to a judgment setting aside the conveyance simply, or the court may compel the fraudulent grantee to convey the lands to a receiver, to be sold to satisfy plaintiff's judgment. If it simply sets aside the conveyance, the land will remain charged with the liens of the several judgments in their order; if it appoints a receiver and directs a conveyance to him, and the plaintiff in the action is a junior judgment creditor, a purchaser under the receiver's sale will take as of the time of the debtor's conveyance to the receiver, subject, however, to the liens of the prior judgments.

The result, therefore, in either case will not affect the liens of said judgments.

In such an action plaintiff also sought to charge certain other lands with the lien of its judgment, on the ground that the defendant was entitled to it as devisee of G., who had caused it to be conveyed to K. as security for a debt which had since been paid. *Held,* that this did not entitle the senior judgment creditors to intervene, as a judgment in accordance with the relief demanded would not prejudice any right which they might have to enforce their judgments against the lands.

(Argued January 19, 1886 ; decided January 26, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 23, 1885, affirming an order of the Special Term denying motions on the part of the German-American Bank of Buffalo, the Merchants' Bank of Buffalo, the Third National Bank of Buffalo,

and others, that they might be brought in as parties defendant herein.

The action was brought by plaintiff as judgment creditor of the defendant Matilda Farthing, to set aside certain conveyances of real estate made by her, which were alleged to be fraudulent as against creditors, and for the sale of such real estate, etc.; also to have plaintiff's judgment declared to be a lien on certain other lands.

The facts so far as material are stated in the opinion.

*Adelbert Moot* for appellants. The appellants each have an interest in the subject of the action, and in real property the title to which is to be in some manner affected by the judgment; and as they have made application therefor, the court must direct them to be brought in by a proper amendment of the summons and complaint. (Code of Civ. Pro., §§ 448, 452; *People* v. *A. & V. R. Co.,* 77 N. Y. 232; *Osterhout* v. *Board of Supervisors, etc.,* 98 id. 239; *Jeffries* v. *Cochrane,* 57 Barb. 551; *Edmeston* v. *Lyde,* 1 Paige, 637; *Beck* v. *Burdette,* id. 305; *Corning* v. *White,* 2 id. 567; *Ballou* v. *Boland,* 14 Hun, 355; *Boynton* v. *Rayson,* Clarke, 584; *Fitch* v. *Smith,* 10 Paige, 9; *Safford* v. *Douglass,* 4 Edw. 537; *Brown* v. *Nichols,* 42 N. Y. 26; *Haddon* v. *Spader,* 20 Johns. 554; *Lynch* v. *Johnson,* 48 N. Y. 27; *Erickson* v. *Quinn,* 15 Abb. [N. S.] 166.) It is clear that Kelly, upon plaintiff's own showing, holds the property seventhly described, in trust for creditors; he is, therefore, a trustee thereof, the appellants are really *cestuis que trust,* and standing in that position they have a right to intervene, for they are real, beneficial, equitable owners of the property. (1 R. S. 728, § 52; 3 R. S. [7th ed.] 2181, § 52; *Travis* v. *Meyers,* 67 N. Y. 542; *Kerr* v. *Blodgett,* 48 id. 62.)

*Truman C. White* for respondents. Elizabeth Farthing is not a necessary party, because the title to the premises upon which she holds the mortgage being still in Matilda Farthing, those premises can be, and at all times since the appellants recovered their judgments could have been, sold upon execution, and the

purchaser at such sale would get a perfect title as against her mortgage, if it be in fact invalid or held in trust for the owner of the fee. (*Chautauqua Co. Bk.* v. *Risley,* 19 N. Y. 369.) By prosecuting this suit the plaintiffs are rewarded as vigilant creditors, and the commencement of the action is regarded in equity as an actual levy upon the equitable assets of the debtor. All the title the defendants have in the property alleged to have been fraudulently transferred becomes subject to and bound by that lien. (*Jeffries* v. *Cochrane,* 57 Barb. 557; *Edmeston* v. *Lyde,* 1 Paige, 637; *Beck* v. *Burdette,* id. 305; *Corning* v. *White,* 2 id. 567; *Ballou* v. *Boland,* 14 Hun, 355; *Boynton* v. *Rawson,* Clarke, 584; *Fitch* v. *Smith,* 10 Paige, 9; *Safford* v. *Douglass,* 4 Edw. 537; *Brown* v. *Nichols,* 42 N. Y. 26; *Hadden* v. *Spader,* 20 Johns. 554.) When several judgments are rendered against a debtor, after he has fraudulently conveyed his property, the judgment creditor who first sets aside the title of the fraudulent grantee and subjects the property to payment of his judgment obtains priority over other judgment creditors though claiming under judgments prior to his own. (*Edmeston* v. *Lyde,* 1 Paige, 637; *Lynch* v. *Johnson,* 48 N. Y. 27; *Spring* v. *Short,* 90 id. 538.) The appellants have no "interest" in the premises covered by the Kelly mortgage, within the meaning of section 452 of the Code. They only have a general lien upon those and all other premises in the same county, belonging to the judgment debtors. (Pom. Eq. Jur., §§ 1057, 1233, 1234, and notes.)

ANDREWS, J. The judgments in favor of the German-American Bank, were recovered November 13, 1883, and the deficiency judgment in favor of the banks other than the plaintiff, April 8, 1884. The judgment in favor of the plaintiff's bank was recovered February 4, 1884, and this action was commenced November 14, 1884. The several judgments became liens on lands fraudulently conveyed by Matilda Farthing, the judgment debtor, in the order of their docketing, and they could have been sold on executions issued on the judgments. The plaintiff however elected to bring its action to remove the

alleged fraudulent obstruction created by the conveyances. If it succeeds in establishing the fraud it will be entitled to a judgment setting aside the conveyances simply, in which case it can proceed to enforce its judgment by a sale of the land on execution unembarrassed by the cloud created, or the court may proceed further and compel the fraudulent grantees to convey the lands to a receiver to be sold to satisfy the plaintiff's judgment. The judgments in favor of the other banks will in no way be affected whichever form the judgment in this action may take. If it simply sets aside the fraudulent conveyances, the land will remain charged with the liens of the several judgments in the order of their docketing, and the proceedings to enforce them will be regulated by the statute. If it goes further and appoints a receiver and directs a conveyance to him, a purchaser under the receiver's sale will take title as of the time of the debtor's conveyance to the receiver, subject however to the judgments in favor of the banks other than the plaintiff. (*Chautauque County Bank* v. *Risley*, 19 N. Y. 369.) The result of the plaintiffs' action will not therefore affect the lien of the judgments in favor of the other banks who seek to intervene in this action. The plaintiffs seek also to charge the Swan street lot, with the lien of its judgment, on the ground that George Farthing caused it to be conveyed to Kelly as security for a debt owing by him to Kelly which has been since paid, and that the judgment debtor, Matilda Farthing, as the devisee of George Farthing, is entitled to the land. The other banks may commence similar actions to reach the Swan street lot, and the plaintiffs' action, followed by judgment in accordance with the relief demanded will not prejudice any rights which the other banks may have to enforce their judgments against it. According to the rule established in this State, judgment creditors holding distinct and several judgments may unite in an action to set aside a conveyance by the common debtor, made in fraud of their rights as creditors. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139.) This is a convenient rule, but it is not a rule of obligation, but one conferring authority merely. It has never been held that all judgment creditors so situated were necessary

parties to such an action.   We think section 452 of the Code does not require the court on application to compel a plaintiff to bring in a judgment creditor not originally made a party, as a party to an action instituted by him to set aside a fraudulent conveyance, although its power to direct it to be done cannot be doubted.   The rights of the creditor not made a party, will not be prejudiced by the judgment in the action.   A judgment creditor has no title to the land of the judgment debtor, but a lien only, which may, by subsequent proceedings become the foundation of title, nor has he any interest in the subject-matter of the action brought by another judgment creditor within the meaning of the section.   He may have an interest which will be subserved by having the conveyance set aside. But he will not be concluded by a denial of that relief in the action of the other creditor, and whatever the result of that action may be, his rights and remedies remain as before.   The cases of *People* v. *Albany & V. R. R. Co.* (77 N. Y. 232), and *Osterhoudt* v. *Supervisors, etc.* (98 id. 239), cited by the appellants are not analogous.   No effectual judgments could be rendered in those actions, without directly cutting off or impairing rights of persons not parties, and it was held in accordance with the settled rule in equity that they should be brought in so that there might be a complete determination of the controversy.

We think the order appealed from was discretionary and that the appeal should, therefore, be dismissed.

All concur.

Appeal dismissed.