Haight, J.
This is an action of ejectment to recover land situated partly in Menden, Monroe county and partly in West Bloomfield, Ontario county.
The court in substance has found as facts, that the plaintiff on the 15th day of March, 1857, was the owner in fee of the farm in question,"and on that day he and his wife conveyed the same to one Loren Culver, since deceased. The plaintiff at the time being indebted to one Hiram Johnson, Johnson subsequently obtained judgment upon his indebtedness, and on the 8th of December, 1858, commenced an action in the supreme court to set aside the conveyance to Culver upon the ground that it was made without consideration and with the intent to defraud the creditors of the plaintiff ; that such proceedings were had in that action that on the 18th of May, 1858, judgment was obtained in favor of Johnson, adjudging the conveyance fraudulent and void, and directing that the premises be sold at public auction in the county of Monroe by Calvin Hewson, Esq., to whom it was referred to make such sale; that in pursuance of the judgment Hewson advertised and sold the premises to Johnson, the plaintiff in that action, and as such referee executed and delivered to him a deed; that Hewson made his report of sale as required by the court; that subsequently and about April 1st, 1861, possession of the premises was delivered to Johnson, who entered into possession under the deed from Hewson, and on or about the fifteenth day of April thereafter Johnson sold and conveyed the premises to one Daniel Sage, who subsequently conveyed to the defendant in this action, who entered into possession thereof and who has since held and continued in possession, claiming title thereto except. as hereinafter *408 stated ; that after the death of Hiram Johnson and in the month of March, 1869, the plaintiff commenced an action in the supreme court, in which Robert L. Rose, the executor of the last will and testament of Johnson, Abbey A. Mather, the sole devisee in his will, the said Loren Culver, the defendant in this action and several others, were made defendants; the relief demanded in the complaint was among other things to set aside the deed from Hewson to Johnson and the subsequent conveyances of the land in question; that Rose and Mather appeared in that action, but Brown did not. Before the time for Rose and Mather to answer had expired, the plaintiffs attorney obtained an ex parte order discontinuing the action as to all the defendants except Brown and Fox, who were then in possession of the premises embraced in the Hewson deed and directing that the complaint be further amended so as to demand possession of the premises without mesne profits, and that the plaintiff should have judgment, that he was the owner in fee of the premises and for the recovery thereof, together with the costs of the action. Judgment by default against Fox and Brown was entered upon the complaint so amended, and on the seventh of July thereafter the deputy sheriff of Monroe county with an execution upon the judgment called upon Brown and Fox and informed them that judgment had been taken by default and that they would have to be turned out of the possession of the premises ; thereupon they each signed a memorandum in pencil, agreeing to pay the plaintiff compensation for the right to continue to pasture their cattle on the premises occupied by them respectively ; that thereafter 'and on the 26th of July, 1869, an order was made vacating and setting aside the judgment as irregular with costs, restoring the possession of the premises to Fox and Brown; that in March, 1869, and before the commencement of that action Loren Culver had conveyed his interest in the land to the plaintiff; and again on the 17th of July, 1869, he again conveyed the same lands to the plaintiff by a quit claim deed; and subsequently this action was brought.
As a conclusion of law the court held and decided that the pendency of the former action is a bar to this action. The plaintiff filed exceptions to the conclusions of law.
This action was previously tried and the complaint dismissed for the same reason. The same was affirmed in the general term (9 Hun, 461), but was reversed in the court of appeals (79 N. Y., 390), in which it was held that the former action was not a bar. It is now contended, however, that new facts are disclosed; that it has now been found that Culver had conveyed to the plaintiff, during the month of March, 1869, and prior to the commencement of *409 the "former action. This finding is based upon an allegation of the plaintiff’s complaint in the former action. The complaint is a part of the judgment roll in that action, and was a part of the record before the court of appeals, and was alluded to by the judge delivering the opinion of the court. So that there has in reality been no change in the facts. But suppose this fact to "be new, and now presented for the first time. It appears from the finding of the trial court that Brown entered into possession of the premises immediately after the conveyance to him and has ever since continued in possession, until he attorned to the plaintiff under the judgment that was taken by default. It consequently appears that at the time Culver reconveyed to the plaintiff, in March, 1869, the defendant was in possession of the premises, holding them adversely, claiming title thereto, and that the deed delivered under such circumstances was void under the statute. 1 B. S., 739, § 147. The fact that Culver had executed and delivered a void deed did not divest him of title so that he could not execute and deliver to the plaintiff a valid deed when he was in condition to do so. The provisions of section 1501 of the Code only provide a remedy; it does not make the deed or change the statute in this regard. The former action could not be maintained in the name of the plaintiff, it consequently follows that the deed of July 17, 1869, presents a new claim of -title which the plaintiff has the right to have considered by the court, and that under the decision of the court of appeals it is not barred by the former action.
It is now contended that the judgment of July, 1869, was fraudulently entered to lay the foundation for getting a second deed from Culver, but the trial court has not found fraud in this regard, and we consequently do not regard the question as before us for consideration.
It is further contended that even though the former action was not a bar that the defendant has shown good title. The defect relied upon by the plaintiff in the defendant’s title is that Hewson, as referee, had no power to convey the lands in question to Johnson; that neither Culver nor the plaintiff joined with him in the deed. This case was first tried before the Hon. Addison Gardner, as referee, who considered this question and reached the conclusion that the referee’s deed was void and conveyed no title.
This same question was reviewed by this court on appeal, (65 Barb., 107), and the same conclusion was reached in an elaborate opinion by the presiding justice, in which all of his associates concurred. The decision was based upon the decision in The Chautauqua County Bank v. White (2 Seld., 236), Same v. Risley (19 N. Y., 369), Walker v. White (36 *410 Barb., 592). The more recent cases of Erickson v. Quinn (15 Abb. [N. S.], 166), and White’s Bank of Buffalo v. Farthing (101 N. Y., 344), do not tend to change but rather to approve of the rule promulgated in those cases.
We consequently see no reason for interfering with the former decision of this court made upon this question.
It follows that the judgment should be reversed and a new trial order, with costs to abide event.
So ordered.
Bradley, J., concurs.