Barker, J.
—On the argument of the appeal the respondent contended, that the appellant was estopped from assailing the validity of the conveyancé made by the referee to Johnson, for the reason that he had, for a period of years, acquiesced in the judgment which determined that the deed from Dawley to Oulver was fraudulent and void as against Johnson’s judgment. This point was not discussed or referred to in the written opinion accompanying the order reversing the judgment. We think the argument in support of the proposition stated, is unsound and is not sustained by authority or the legal principles upon which the doctrine of estoppel is based. The judgment was in all respects adverse to the rights and interests of the defendants as set up in their respective answers and none of them took anything by the same. They have acquiesced in the decree, but thay have never in any manner, consented-to its provisions. The judgment operates as an estoppel as to all matters in issue and determined thereby. The broadest interpretation which has been given to the rule, is, that a “judgment or adjudication is final and conclusive, not only as to the matter actually determined, but as to every» other matter which the parties might have been litigating, and might have had decided as incident to, or essentially connected with, the subject-matter of the Etigation, and every matter coming within the legitimate purview of the original action, both in respect to matter of claim and of defense.”. Clemens v. Clemens, 37 N. Y., 74.
The plaintiff in this action is, therefore, concluded by the original judgment as to everything determined thereby. *262 The matter there adjudicated upon must be ascertained by the record which was given in evidence upon the trial. The conveyance from Dawley to Culver was declared fraudulent and void, and was vacated and set aside as against Johnson’s judgments, and they declared to be valid and subsisting liens on the premises, and the same were ordered to be sold by a referee, and the proceeds applied in the satisfaction of the judgments. The plaintiff, in his present contention, does not assume any position in hostility to that judgment. The legal effect of the same was not to restore the title to Dawley as between him and Culver, but the title remained in the latter subject to the judgment liens. The language of the statute is conclusive on this point.
“ Every conveyance, etc., made with intent to delay or defraud creditors, etc., as against the person so hindered, delayed or defrauded, shall be void.” 3 R. S. [5th ed.], p. 224, § 1.
The effect of the judgment declaring the conveyance to Culver fraudulent aud void, was simply to clear the way for Johnson to proceed and sell the land in satisfaction of his judgment. Chautauqua Bank v. White, 2 Seld., 236; Chautauqua Bank v. Risley, 19 N. Y., 369; Walker v. White, 36 Barb., 592; Dawley v. Brown, 65 Barb. 107.
What has the plaintiff or Culver done, since the entry of judgment upon which to base an estoppel preventing them, or either of them from asserting that the title of the land remained in Culver after the entry of judgment, and that Culver had conveyed the same to the plaintiff. This position was not hostile to the judgment, nor in enmity to the rights of Johnson as established by the same. Culver was not restrained from selling the land, nor was Dawley prohibited from acquiring his title. The sale by Culver of the premises to the judgment debtor did not injuriously affect the creditor’s lien, although it may not have had the effect of changing or enlarging the same.
The argument presented by the respondent’s counsel in support of his position, is based on what he terms the plaintiff’s acquiescence and consent to the sale of the land under the judgment by the referee, and the application of the proceeds towards the satisfaction of his debt. The plaintiff has not, in any legal sense, consented to the sale of the land and the application of the proceeds derived •from the referee’s sale to the payment of his debts so as to base an estoppel thereon.
The application of the proceeds of the sale towards the payment of Dawley’s debt was accomplished by following the terms of the judgment, which, so far as it directed the sale by the referee, was utterly void and inoperative. Dawley appeared in the original action and resisted, so far *263 as he was able to, the efforts of Johnson to secure payment of his judgment by a sale of the land in question. He has acquiesced in the judgment. He could not do otherwise. But that is quite different from consenting to the proceeding taken by Johnson to carry the judgment into effect.
We have consulted the cases cited by the respondent’s counsel on this point, and fail to discover that they support his argument. In Sherman v. McKeon (38 N. Y., 266), the city of New York, in proceedings which were unconstitutional and void, condemned land for a particular use, and the sum awarded by the appraisers as the owner’s damages was accepted by him, and it was held that the receipt of the money operated as an estoppel, and the demands paid had the same effect as a conveyance and vested the title in the corporation. The decision was placed upon the distinct ground that the owner had, by accepting the money, consented to the proceedings and become a party to them, and that he did what he was at liberty to do, renounce all objection to the invalidity of the law under which the corporation asserted the power to appropriate the land for the use intended. , The other cases cited are of the same import.
The other questions argued on the original hearing were considered in the opinion then delivered. On a re-examination of the same we see no reason for changing our views, and we leave the judgment of reversal, to stand on the reasons then given, although the legal questions involved may admit of a more extended discussion.
The motion for reargument denied.
All concur.