## GREEN *v.* GRISWOLD *et al.*

(*Superior Court of New York City, Special Term.* July 12, 1888.)

1. CREDITORS' BILL—EFFECT OF FILING—LIEN.
    A judgment creditor, by the commencement of a creditors' action against the debtor, acquires a lien on all his property acquired before the action was commenced.

2. SAME—PLEADING—SURPLUSAGE—MOTION TO STRIKE OUT.
    The allegation in the complaint that plaintiff brings the suit "on behalf of herself, and all judgment creditors who shall, in due time, come in and seek relief," is not necessary to sustain plaintiff's cause of action; and, no other creditors having come in within due time, a motion by plaintiff to strike the allegation from the complaint should be granted.

Judgment creditors' action by Green against Griswold, judgment debtor, and the Union Trust Company. Plaintiff moves to strike out an allegation in the complaint. For former opinion, see 2 N. Y. Supp. 624.

*George Walton Green,* for plaintiff. *Anthony R. Dyett* and *Royal S. Crane,* for defendant Griswold. *Miller, Peckan & Dixon,* for the trust company.

O'GORMAN, J. The plaintiff, a judgment creditor of defendant, William N. Griswold, by commencement of this action acquired a lien upon all the property of the said defendant acquired before the action began. *Storm* v. *Waddell,* 2 Sandf. Ch. 494; *Brown* v. *Nichols,* 42 N. Y. 30. The fact that the plaintiff set forth in her complaint that she brought the suit "on behalf of herself and all judgment creditors who * * * shall, in due time, come in and seek relief, and contribute to the expenses thereof," does not prevent a judgment in favor of the plaintiff alone against the defendants in this action.

Such an allegation was not necessary to the sustainment of plaintiff's cause of action, and plaintiff's motion, now made, that it should be stricken out, is granted. *Bank* v. *Farthing*, 101 N. Y. 344, 4 N. E. Rep. 734. 'In point of fact, no other creditors have come in, in due time, since the commencement of this action, or offered to pay the expenses thereof. The defendant the Union Trust Company is entitled to its costs and disbursements before trial, to be charged as against the defendants Griswold, and not in reduction of the plaintiff's claim. Let findings to that effect be prepared by counsel for the Union Trust Company.