(8 Misc. Rep. 6.)

RUSS et al. v. STRATTON et al.

FRASER et al. v. DUNCAN et al.

(Superior Court of New York City, General Term.    April 2, 1894.)

PARTIES—INTEREST IN SUBJECT OF ACTION.

In an action to set aside a sale of a leasehold, a title insurance company has no interest in the subject of the controversy, within Code Civ. Proc. § 452, by virtue of having insured the title to the property, and is therefore not entitled as a matter of right to be made a defendant.

Appeal from special term.

Actions, one by Herman Russ and others against Eliza Stratton and others and the Lawyers' Title Insurance Company of New York, and the other by Louis E. Fraser and another against Minna Duncan and others and the Lawyers' Title Insurance Company of New York.    From an order making the title insurance company a defendant, plaintiffs appeal.    Reversed.

The property in controversy consists of Columbia College leaseholds, which, after several renewals, came into the possession of plaintiffs, who were then infants.    A transfer of the property was executed by persons representing themselves to be plaintiffs, and afterwards the property was sold under a judgment, and purchased by defendants' grantor.    Plaintiffs now sue to set aside the sale on the ground that they were infants, and also to set aside the transfer on the same ground.    The Lawyers' Title Insurance Company of New York claims that it is entitled to be made a party defendant to the action on the ground that it has an interest therein by virtue of having insured the title to the property in controversy.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

D. M. Porter, for appellants.

Parsons, Shepard & Ogden (David B. Ogden, of counsel), for respondent.

DUGRO, J. The respondent was not entitled to be made a defendant by virtue of section 452, Code Civ. Proc. The subject of the action is the real property, and in this the respondent has no interest. Its interest is only in the question involved in the action, and this is not the interest to which section 452 refers. A consequential interest will not suffice. Barb. Parties, 488. The special term had power to direct the respondent to be made a defendant, though not required to do so by the Code provision (Bank v. Farthing, 101 N. Y. 344, 4 N. E. 734), but naturally this power ought not to have been exercised, except for sufficient reason. The papers disclose none. There is no charge of misconduct against the insured, nor does there appear to be any reason to doubt that the respondent will have a fair opportunity to protect its interest without being a defendant. Under the circumstances, the motion should not have been granted. Davies v. Fish, 47 Hun, 314. Order reversed, with $10 costs and disbursements.