In the Matter of the Application of PHILIP BOHNET, Respondent, for a Peremptory Writ of Mandamus, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Respondents; DAVID A. DOYLE, a Third Party, Appellant.

APPEAL — MOTION TO INTERVENE IN MANDAMUS PROCEEDINGS — DISCRETIONARY ORDER.    The rules relating to discretionary orders in actions apply with reference to proceedings by mandamus; and an order refusing a motion for leave to intervene as a party in mandamus proceedings, resting, as it does, in the sound discretion of the Supreme Court, is not reviewable by the Court of Appeals.

*Matter of Bohnet,* 8 App. Div. 293, appeal dismissed.

(Submitted October 5, 1896; decided October 13, 1896.)

THIS was a motion to dismiss an appeal taken by David A. Doyle from an order of the Appellate Division of the Supreme Court in the first judicial department, made July 31, 1896, which affirmed an order of Special Term refusing his motion for leave to intervene as a party in the proceedings.

The facts, so far as material, are stated in the opinion.

*James R. Fancher* for Doyle, appellant.    The court has jurisdiction to hear this appeal.    (Code Civ. Proc. §§ 190, 3333, 3334; *Denise* v. *Denise,* 110 N. Y. 562; *Mowry* v. *Peet,* 88 N. Y. 453; 1 Van Santvoord's Eq. Prac. 22.)

*Charles Blandy* and *Edmund Luis Mooney* for respondent relator.    This court has no jurisdiction to entertain this appeal.    (Code Civ. Proc. §§ 190, 2082; *Brennan* v. *Hall,* 131 N. Y. 160; *White's Bank of B.* v. *Farthing,* 101 N. Y. 344; *I. G. L. Co.* v. *Treman,* 93 N. Y. 660; *Dunlop* v. *P. F. I. Co.,* 74 N. Y. 145.)

HAIGHT, J.    On the 26th day of June, 1896, a peremptory writ of mandamus was issued by the Supreme Court in the above-entitled proceedings upon the application of the relator,

commanding the commissioner of public works and the superintendent of incumbrances of the city of York to remove from in front of the Astor House in the city of New York certain show cases, valises, signs, trunks, bags and other articles of merchandise, as unlawful incumbrances upon Broadway, one of the public streets of the city. On the first day of July thereafter this writ was executed by the superintendent of incumbrances, who caused the articles mentioned in the writ to be removed from the street. Thereafter and on the sixth day of July the appellant Doyle applied to the Supreme Court for an order directing that he be made a party to the proceedings, with leave to appear as such and answer and for a rehearing. This motion was denied, and from an order of the Appellate Division affirming the same this appeal was taken.

This motion must be granted.

The order appealed from rested in the sound discretion of the Supreme Court, and the exercise of the discretion is not reviewable here. Undoubtedly that court had the power to open the proceedings and to allow the appellant to be brought in as a party; but whether this power should be exercised rested in its discretion, and its determination in that respect is not reviewable here, even if the discretion was unwisely exercised. In this respect the same rules apply with reference to proceedings by mandamus as in actions. (Code of Civil Procedure, § 2082; *Brennan* v. *Hall*, 131 N. Y. 160, 168; *White's Bank* v. *Farthing*, 101 N. Y. 344, 348.)

Our attention has been called to a long list of cases in which the court has permitted persons to be brought in and made parties to such proceedings; but these cases amount to nothing more than showing the circumstances under which the court has exercised its discretion in permitting persons to intervene.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.