(35 Misc. Rep. 113.)

### SMITH v. BELDEN et al.

(Supreme Court, Special Term, Onondaga County. May, 1901.)

ACTION BY TRUSTEE IN BANKRUPTCY.

In an action by a trustee in bankruptcy to reach the surplus, as it accrues, of the income of a trust fund created for the bankrupt's benefit, a judgment creditor of the bankrupt is not a necessary party, in the absence of any allegations that the trustee is not acting in good faith.

Action by Lewis P. Smith, trustee in bankruptcy of Alvin L. Belden and others, against Alvin J. Belden and others. One Brown, claiming to be a judgment debtor under the defendant Belden, applies to be joined as party defendant in the suit, which is brought to reach an alleged surplus in the income of a trust fund for the benefit of the bankrupt. Motion denied.

George D. Chapman, for application.
Mackenzie & Wade, for plaintiff.
W. P. Goodelle and Fowler & Crouch, for defendants.

HISCOCK, J. The application is denied for the following reasons: If, as claimed by the present parties to this action, and as held in Re Baudouine, 3 Am. Bankr. R. 55, 96 Fed. 536, the plaintiff has become vested with the right to reach any surplus in the income of the trust fund in question, the petitioner has no legal title to or interest in the subject-matter of this suit, and is not in any way a necessary party to its prosecution or determination. His only interest is that of a general creditor in the successful prosecution of the action, and in the disposition of its fruits. It is settled that on account of such interest he should not be made a party

in the absence, as is the case upon this motion, of any allegations touching the good faith and diligence of the trustee for the creditors. Davies v. Fish, 47 Hun, 314. Even if it should be held that this court had the power to order petitioner to be made a party, I do not think it should be done in this case until there is some indication of negligence or bad faith upon the part of plaintiff. If petitioner is right in his claim that he has acquired a lien upon any surplus which may arise in the income of the trust fund, and that the plaintiff, upon the other hand, has not acquired any right thereto, I still do not see that it is necessary to grant this motion. Petitioner is not a party to, and cannot be bound or injured by, any judgment in this action. It is not necessary that he should be brought in here to protect his interests and claims, if they are as he asserts them to be. Bank v. Farthing, 101 N. Y. 344, 348, 4 N. E. 734. The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.