J. F. KULP & SONS COMPANY, Appellant, *v.* AL. G. IRR and Another, Respondents.

Fourth Department, November 12, 1924.

**Fraudulent conveyances — action in equity by judgment creditor to set aside fraudulent chattel mortgage and sale thereunder and for judgment that after payment of creditors of mortgagor property be adjudged to be plaintiff's by virtue of execution sale — complaint states facts sufficient to constitute cause of action in equity.**

A complaint in an action by a judgment creditor of a chattel mortgagor brought on behalf of the plaintiff and other creditors for judgment that the chattel mortgage and sale thereunder be declared void and that after the payment of the creditors of the mortgagor the property be declared and adjudged to be the property of the plaintiff under and by virtue of an execution sale of the mortgagor's property, is sufficient, which alleges that the mortgage was executed while the mortgagor was insolvent for the purpose of defrauding its creditors; that thereafter the mortgagee took possession of the property and bought it at a mortgage sale; and that after the alleged fraudulent sale the plaintiff secured a judgment against the mortgagor and on an execution sale purchased the mortgagor's property for a sum not sufficient to satisfy its judgment.

The facts stated in the complaint are sufficient to constitute a cause of action by a purchaser to set aside a fraudulent conveyance. While the plaintiff apparently intends the action to be one brought in its capacity as a judgment creditor, still, in view of its concession that all of the creditors of the mortgagor shall receive payment of their claims in full before the plaintiff will insist on its title to the property as purchaser at the execution sale, there is no reason why the plaintiff should not maintain this equitable action.

APPEAL by the plaintiff, J. F. Kulp & Sons Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 7th day of April, 1924, directing the dismissal of the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*Timerman & Timerman* [*Clark H. Timerman* of counsel], for the appellant.

*Ruthven & Arbury* [*R. Stanley Ruthven* of counsel], for the respondent Irr.

SEARS, J.:

Judgment has been ordered on motion of the defendant Irr, dismissing the plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges the following facts: The defendant Martha Washington Laundry, Inc., on September 21, 1923, when insolvent and for the purpose of defrauding its creditors, gave the defendant Irr a chattel mortgage on all of its personal property to secure the payment of $6,000. The mortgage was filed in the proper office. On December 21, 1923, Irr took possession of the property, offered it for sale under the mortgage and himself became the purchaser for the sum of $6,000, and has since continued in possession. The property so purchased by Irr was of a value in excess of $15,000. Plaintiff was a creditor of the Martha Washington Laundry, Inc., previous to and at the time of the giving of the chattel mortgage to Irr, and on January 7, 1924, recovered judgment upon its claim against the Martha Washington Laundry, Inc., for $160.88. Execution was issued on this judgment to the sheriff who levied on all the property of the Martha Washington Laundry, Inc., and upon the sale under the execution the plaintiff became the purchaser of the property for the sum of $105. The execution was returned unsatisfied as to the balance of the judgment. After this sale the plaintiff instituted this action demanding judgment (1) that the chattel mortgage and sale thereunder be declared void; (2) that the property in the possession of the defendant Irr be declared the property of the Martha Washington Laundry, Inc., and " that after the payment of the creditors of said defendant, Martha Washington Laundry, Inc., that the same be declared and adjudged to be the property of this plaintiff under and by virtue of the execution sale held by the sheriff of the County of Erie, under which the property of said defendant was purchased by the plaintiff herein; " and (3) for an injunction; and (4) for " such other and further relief as to the court may seem just and proper."

A conveyance by a debtor in fraud of his creditors is subject to attack both at law and in equity. (*White's Bank of Buffalo* v. *Farthing*, 101 N. Y. 344; *Hillyer* v. *LeRoy*, 179 id. 369.) After a sale of the debtor's property under execution, the purchaser, who is not in possession, may maintain a possessory action. (*Chautauque*

*County Bank* v. *Risley,* 19 N. Y. 369; *Bergen* v. *Carman,* 79 id. 146, 153; *Smith* v. *Reid,* 134 id. 568.) The purchaser may also maintain an action in equity to set aside the fraudulent conveyance. (*Sands* v. *Hildreth,* 14 Johns. 493; *Porter* v. *Parmley,* 52 N. Y. 185; *Best* v. *Staple,* 61 id. 71; *Erickson* v. *Quinn,* 15 Abb. Pr. [N. S.] 166; 50 N. Y. 699; 14 C. J. 480, 723.)

Facts are stated in the complaint before us sufficient to constitute a cause of action by a purchaser to set aside a fraudulent conveyance. The plaintiff, however, apparently intends the action to be one brought in its capacity as a judgment creditor, for the complaint states that the action is brought on behalf of the plaintiff and all other creditors of the Martha Washington Laundry, Inc., and the demand for judgment indicates the plaintiff's willingness that all creditors shall receive payment of their claims in full before the plaintiff will insist on its title to the property as a purchaser at the execution sale. In view of its concession in this respect, there seems to be no reason why the plaintiff should not maintain an equitable action. To relegate the plaintiff to an action of replevin would result in requiring it to insist on its exclusive title to the property, while in the equity action, on the complaint as now framed, the property may be used to secure the liquidation of the claims of all the creditors of the Martha Washington Laundry, Inc. We need not now determine the scope of the relief which may be awarded the plaintiff. (*Gutta Percha & Rubber Mfg. Co.* v. *Holman,* 208 N. Y. 583; *Colrick* v. *Swinburne,* 105 id. 503.) All that is before us on this appeal is the question whether there are facts set forth in the complaint entitling the plaintiff to some relief against the defendant Irr.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion for judgment denied, with ten dollars costs, and the matter remitted to the Special Term for such further proceedings on the motion in respect to the intermediate relief sought as the parties may be advised.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion for judgment denied, with ten dollars costs, and matter remitted to the Special Term for such further proceedings on the motion in respect to the intermediate relief sought as the parties may be advised.