In the Matter of the Petition of SAMUEL M. MEEKER for the Settlement of His Intermediate Account as Successor Trustee, under the Last Will and Testament of AUGUSTUS A. LEVERICH, Deceased.

Surrogate's Court, Kings County, January 29, 1930.

*John C. Loud,* for the petitioner.

*William H. Good,* for A. Lyle Leverich and Maude E. Leverich.

*Charles J. McDermott,* for the claimant Christopher W. Wohlers.

*Martin Lippman,* for the claimant American Bond and Mortgage Company.

*Sidney Jarcho,* for Jarcho Bros., Inc., judgment creditor.

*Gray & Tomlin,* for the claimant Brooklyn Trust Company.

*Harold Dudley Greeley,* for Cameron Leverich.

*Abraham Glaser,* for the trustee in bankruptcy of A. Lyle Leverich.

*Coombs & Wilson,* for John T. Stebe and Mary Elizabeth Greene.

*Forrest S. Chilton,* for Benjamin Groberg.

*Myers & Sherwin,* for Greer Electric Construction Co., Inc., judgment creditor.

*D. Edward Meeker,* for William H. C. Leverich.

*George L. Naught,* for American Surety Company of New York.

*Andrew S. Derby,* special guardian, for the Leverich infants.

WINGATE, S. This is an application by a temporary receiver appointed in a judgment creditor's action for the payment over to him of certain moneys in the hands of a testamentary trustee. The salient facts affecting the question are as follows:

The will of Augustus A. Leverich, Sr., which was probated in this court on February 3, 1885, provided *inter alia* for the erection of a trust for testator's widow for life and directed that on her death the principal should be divided into as many parts as there were then living children of the widow and of testator. One of these parts was to be held in trust for each such child for life, with remainder to its issue outright. On the death of the widow there were three children living. Pursuant to the directions of the will, the testamentary trustee erected trusts of one-third of the original

*res* for each child, and proceeded to pay the income to the secondary life tenants, one of whom was Augustus A. Leverich, Jr.

Augustus A. Leverich, Jr., became involved in financial difficulties which resulted in a number of judgments being entered against him, one being in favor of Jarcho Bros., Inc. These creditors, after an examination of their judgment debtor in supplementary proceedings, obtained a garnishment order against the trust income and were duly paid the ten per cent of such income to which their order entitled them. Feeling that a larger portion of the income should be applied upon their claim, they instituted a judgment creditor's action against A. A. Leverich, Jr., pursuant to the provisions of section 98 of the Real Property Law.

After the service of the summons (without complaint) upon A. A. Leverich, Jr., and before the service of any process upon the trustee of the trust, A. A. Leverich, Jr., died. This occurred on December 22, 1928, at which time there was accrued income in the hands of the trustee amounting to $2,296.22.

Some time after the death of Leverich, the judgment creditor served the trustee in the judgment creditor's action.

On January 7, 1929, the will of Augustus A. Leverich, Jr., was duly probated in this court, and on the same day letters testamentary were issued to the executrix therein named upon her due qualification as such.

Not until May 29, 1929, was any motion made to bring the executrix into the judgment creditor's action, but on that date an order of continuance and substitution was entered against her. On June 3, 1929, the complaint in that action was finally served and on June twenty-sixth a temporary receiver was appointed.

The instant proceeding is a motion by such receiver to compel the trustee under the will of A. A. Leverich, Sr., to pay over to him the accrued income in the trust at the time of the death of A. A. Leverich, Jr., amounting, as noted, to $2,296.22.

The estate of A. A. Leverich, Jr., is insolvent with a number of judgments against it, the undertaker's bill for his funeral is unpaid, and a notice of Tax Lien for unpaid 1927 income tax has been filed by the United States Collector of Internal Revenue.

A direction for the requested payment is resisted by the trustee and the executrix on the ground that such a procedure would in effect amount to a repeal by implication of portions of the Surrogate's Court Act, since it would result in the distribution of this decedent's estate by a receiver in the Supreme Court instead of by the duly qualified executrix here.

There is sufficient cogency in the argument to warrant its serious consideration were the question one of first impression, but there

have been a number of authoritative adjudications on the subject. These decisions were to the effect that the lien ·obtained by the institution of a judgment creditor's action survives the death of the judgment debtor as to assets which cannot be reached by execution, and that, in effect, this property is merely subtracted from the assets of the estate which are subject to administration by the executor of the judgment debtor. (*Brown* v. *Nichols*, 42 N. Y. 26, 30; *First National Bank* v. *Shuler*, 153 id. 163, 171, 172; *Reynolds* v. *Ætna Life Ins. Co.*, 160 id. 635, 648; *Matter of Stewart*, 8 Civ. Proc. 354, 356, 357, 358; *Green* v. *Griswold*, 4 N. Y. Supp. 8.)

On the other hand, the court feels that the instant proceeding is prematurely instituted. The judgment creditor's action is now pending and undetermined and the propriety of the appointment of the temporary receiver is now the subject of an appeal. The purpose of the appointment of such a receiver is merely to conserve the fund. This small sum of money is amply safe in the hands of the trustee who has ably administered the principal fund, amounting to several hundred thousand dollars, for many years. Orderly procedure would seem to require that the payment over of that fund await the final determination of the rights of all parties in the action. When this has been had, a further application may be made respecting these moneys. It was this disposition which the court had in mind in its former opinion in this matter (reported in 135 Misc. 774).

The motion is, therefore, denied at this time.