In the Matter of the Application of the BUFFALO DUMP TRUCK OWNERS ASSOCIATION, INC., Respondent, for a Mandamus Order against HARRY P. CONDON, Chief Clerk, Division of Highways of the Department of Public Works of the State of New York, and Another, Appellants.

Fourth Department, May 6, 1931.

*John J. Bennett, Jr., Attorney-General [Charles E. McManus* and *Borden H. Mills, Deputy Assistant Attorneys-General,* of counsel], for the appellants.

*Spencer Cleveland,* for the respondent.

PER CURIAM. Even if mandamus were the proper remedy under the facts here, the procedure followed would be open to serious objections. No " moneys " were held " in trust " for petitioner by Condon, chief clerk, Division of Highways. The moneys due on the contract were held by the State. Nor was the check, which had been drawn but not delivered, in Condon's possession as trustee for petitioner. It was in his possession merely in connection with his routine clerical duties. His possession was the possession of the Division of Highways of the Department of Public Works. If there

was any duty here, performance of which could be compelled by mandamus, it rested on the head of the department, who is not a party. Moreover, the interest of the petitioner is not very clear, since the assignment ran to Spencer Cleveland and the check was drawn to his order. Finally, the facts upon which the controversy turns, as alleged in the petition, took place in Albany county. It seems, therefore, that the application should have been made in the third judicial district. (Civ. Prac. Act, §§ 1317, 1334.)

We are of the opinion, however, that mandamus is doubtfully applicable under the facts here. The State admits that certain moneys are due and owing by it on a highway contract. Conflicting claims thereto have been made. Until that conflict has been settled or determined, the duty to pay out is inchoate. While there is a possibility that if the procedural steps herein had been properly taken, the rival claimants might have been brought in by interpleader (*Matter of Bohnet* v. *Mayor, etc.*, 150 N. Y. 279; 2 Fiero Particular Actions & Proceedings [4th ed.], 1959), it is thought that the proper remedy is an action under the precedent of *Durant* v. *Whedon* (201 App. Div. 196) or possibly a proceeding in the Court of Claims. (See *Anderson* v. *Hayes Const. Co.*, 243 N. Y. 140.)

The order of peremptory mandamus should be reversed on the law, with costs, and the petition dismissed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, with costs, and motion denied, with ten dollars costs.