GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, and HOTEL SYRACUSE, INC., Respondents, v. BRAINARD-POWERS CORPORATION, ROY P. BRAINARD and ROSEBUD H. BRAINARD, Appellants. (Appeal No. 1.) — Order of September 25, 1937, as modified by order of October 13, 1937, modified on the law and the facts as matter of discretion, and as modified affirmed, without costs of this appeal to any party. Memorandum: This receivership in the nature of a sequestration seems to be prohibited by sections 150 and 151 of the General Corporation Law. But further and aside from this, it does not appear with any degree of certainty that the transfer of the lease of the Powers Hotel to the corporation defendant was fraudulent. It may well be that the plaintiff trustee will be confined, even if successful, to setting aside the transfers of stock to the defendant Rosebud Brainard. It may eventuate that the corporation was created legally and without fraud. (See *Jenkins* v. *Moyse*, 254 N. Y. 319.) As a matter of discretion a temporary injunction should be ordered in place of a receivership which should sufficiently protect the bankrupt estate of Roy P. Brainard. All concur. (The first order appoints a receiver; the second order resettles the first order.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, and HOTEL SYRACUSE, INC., Respondents, v. BRAINARD-POWERS CORPORATION, ROY P. BRAINARD and ROSEBUD H. BRAINARD, Appellants. (Appeal No. 2.) — Order so far as appealed from modified on the law and the facts as matter of discretion, and as modified affirmed, without costs of this appeal to any party. Memorandum: While the plaintiff Hotel Syracuse, Inc., had a large claim against the defendant Roy P. Brainard, all its rights to enforce the claim and to obtain relief thereon passed before the commencement of this action to the plaintiff trustee. No relief in this case is sought on behalf of Hotel Syracuse, Inc., directly. It must work out its rights through the Roy P. Brainard bankruptcy proceeding in the Federal court. (*Smith* v. *Belden*, 35 Misc. 113.) The size of the creditor's claim is no sufficient reason to permit the creditor to intervene in the absence at least of proof that the rights of the Roy P. Brainard estate in bankruptcy are not being adequately protected by the action of the trustee. All concur. (The portion of the order appealed from denies a motion to strike out parties plaintiff and defendant and to dismiss the complaint.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.