ALFRED A. HOLMES, as COMMITTEE OF THE PROPERTY OF ALANSON R. LEWIS, RESPONDENT, v. J. HENRY ABBOTT AND OTHERS, APPELLANTS.

*Action by a committee, bringing in all the alleged creditors of a lunatic, in order to determine as to the validity of their claims — complaint not demurrable for misjoinder.*

Under the provisions of subdivision 9 of section 484 of the Code of Civil Procedure the committee of a lunatic is authorized to bring an action, alleging the insolvency of such lunatic, that various persons named as defendants are interested, or claim to be interested, in the property, which, by virtue of the appointment of the committee, has come into his care and custody, and asking that the extent of the interest of the lunatic in said property be ascertained, and, as an incident thereto, the validity and extent of the liens thereof held by the respective parties defendant in the action, alleged creditors of such lunatic.

A complaint setting forth the foregoing facts is not demurrable, upon the ground that the several causes of action existing against the respective parties defendant has been improperly united in one action.

APPEAL from a judgment in favor of the plaintiff, entered in Jefferson county January 16, 1889, upon a decision made at a Special Term in that county, overruling demurrers to the complaint.

HUN — VOL. LIII     78

At a Special Term held on the 18th day of September, 1888, plaintiff was authorized to institute and prosecute to judgment, as committee of the property of Alanson R. Lewis, an action in the Supreme Court against J. Henry Abbott, Duane Spalsbury and Polly Butler, " and to join such other parties, as defendants therein, as are related to the transactions involved in the action, and such as have or claim to have an interest in the property of said Lewis, such action to be prosecuted for the setting aside of liens upon the said property of said Lewis, claimed by the said Abbott, and said Spalsbury and said Polly Butler, either by judgment or mortgage, or otherwise, and to set aside alleged sales and transfers made by said Lewis to them, or either of them, and for an accounting by them, and for the ascertainment of the just and lawful liens existing upon the property of said Lewis, and for directions to the said committee for the satisfaction of the same, and for such other purposes as may be necessarily or properly related to the matters aforesaid." The order was made after hearing V. P. Abbott, " attorney of record for Duane Spalsbury and Henry J. Abbott judgment-creditors consenting."

The complaint in this action alleged that the plaintiff had been appointed committee of the property of Alanson R. Lewis, a person incompetent to manage himself or his affairs in consequence of lunacy, that said Lewis was possessed of a considerable quantity of personal property and was also seized of certain lands, the chief portion of which lands was subject to a mortgage executed by Lewis thereon ; that one judgment had been recovered against the said Lewis by confession founded upon a statement in writing verified by him, which was held by one defendant ; that certain of the other defendants had claims in judgment or not sued upon ; that if such claims were found to be valid the said Lewis would be insolvent ; that the plaintiff represented the said Lewis, and also his general creditors, as well as those having specific liens on his property, and that it was impossible for him to sell the property in his charge or liquidate and adjust the various debts and obligations claimed to exist against the said Lewis, until the rights of the respective claimants were adjudicated and directions were given by the court as to his action in the premises. The plaintiff, therefore, asked judgment for the decision, among other things, as to what amount of the claims mentioned in

the complaint were just and proper and should be paid by the plaintiff.

*V. P. Abbott* and *W. S. Farmer*, for the appellants.

*Arthur L Chapman*, for the respondent.

HARDIN, P. J. :

Subdivision 9 of section 484 of the Code of Civil Procedure contains the substance of subdivision 1 of section 167 of the Code of Procedure, which was said by COMSTOCK, J., in *New York and New Haven Railroad Company* v. *Schuyler, Cross, etc.* (17 N. Y., 592), to be " well chosen for the purpose intended, because it is so obscure and so general as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice."

In *Wiles* v. *Suydam* (64 N. Y., 178), CHURCH, Ch. J., says of it, viz. : " There is certainly ample scope for construction, but it is sometimes difficult to determine what interpretation will best promote the ends of justice. It is probable that the primary purpose of this provision was intended to apply to equitable actions, which frequently embrace many complicated acts and transactions relating to the subject-matter of the action, which it would be desirable to settle in a single controversy." In the case in hand it is averred that Lewis, the incompetent person, over whose estate the plaintiff has been appointed a committee, is insolvent, and that the various persons named as defendants are interested or claim to be interested in the property, which by virtue of the appointment of plaintiff came into his care and custody.

To ascertain the extent of the interest of Lewis in the property, and incidentally the validity and extent of the liens thereon held by his respective creditors, is the purpose and scope of the complaint. In short, the property which has come into the custody of the plaintiff, and which as committee or trustee he holds, is the " subject of action." (*Wiles* v. *Suydam*, 64 N. Y., 178.) Whether any of the claims of the defendants are prior to the lien and interest of the plaintiff will be determined in the action, and properly so. (*Bank of Orleans* v. *Flagg*, 3 Barb. Ch., 316; *Brown* v. *Volkening*, 64 N. Y., 83.) Plaintiff seeks to ascertain the extent of property or fund and in

doing so to have investigated the several claims thereto and liens thereon.

In *Garner* v. *Thorn* (56 How. Pr., 458), it was said: " The cause of action consists in the several violations and misappropriations which the trust estate has suffered in passing through the hands of the various defendants, and with which they have been more or less connected. The restoration and preservation of the trust fund is the primary and important subject-matter of the action." The reasoning and cases cited in the opinion from which the quotation just given is taken support the conclusion reached at the Special Term. We do not deem it needful or important to add anything further to the opinion delivered by the Special Term in overruling the demurrers.

Judgment affirmed, with costs, with leave to the defendants to withdraw their demurrers and answer, upon payment of the costs of the demurrers and of the appeal.

MARTIN, J., concurred ; MERWIN, J., not sitting.

So ordered.