CLARENCE W. WOOD and Others, Respondents, *v.* SIDNEY SASH, BLIND AND FURNITURE COMPANY and Others, Appellants.

*Creditor's action — a complaint alleging several transactions with different parties, embraced in a single scheme to defraud — parties plaintiff and defendant — joinder of causes of action.*

Judgment creditors may bring a single action to reach property transferred to different persons by separate and distinct transfers, and in pursuance of separate and distinct agreements, provided that the acts which are made the basis of the complaint are alleged to have been done in pursuance of a single and forbidden scheme.

The complaint in an action alleged that the plaintiffs were judgment creditors of the Sidney Sash, Blind and Furniture Company, an insolvent corporation, and that two certain banks and one Charles G. Brooks conspired with such defendant, the Sidney Sash, Blind and Furniture Company, to obtain for the banks, which were large creditors of the corporation, an unlawful preference, which was obtained by the insolvent corporation allowing judgments to be taken against it by the banks; that executions were issued thereon, and that all the personal property of such corporation was sold at an inadequate price, and that, after the application of the proceeds to the judgments of the banks, there remained a sum still due upon the judgments, which were a lien upon the real estate of the corporation; that in order to reach the book accounts and choses in action of the corporation it made a pretended sale of them to Charles G. Brooks for a nominal sum, which was less than half their value, and that Brooks took an assignment of the same for the benefit of the banks; that Brooks was not a creditor of the corporation, and that he took and held the property solely for the benefit of the banks, and to enable them to gain an unlawful preference. Demurrers were interposed to the complaint.

*Held,* that separate causes of action were not improperly joined; that the cause of action stated was properly based upon the assumption that the Sidney Sash, Blind and Furniture Company, being indebted to the plaintiffs in a large amount, and insolvent, had, under an arrangement with the other defendants, unlawfully appropriated all its property to securing and preferring the debts of the two banks, and that, in the transactions by which it was done, Brooks had received and still held some of the property unlawfully applied;

That, if there were but a single scheme, and that of the nature alleged, all persons
might properly be made parties who participated in the transaction and received
anything by, through or under it;

That judgment creditors holding distinct judgments might unite in an action to
set aside a conveyance by the common debtor, made in fraud of their rights as
creditors.

APPEAL by the defendants, the Sidney Sash, Blind and Furniture
Company and others, from an interlocutory judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk of
the county of Onondaga on the 25th day of June, 1895, upon the
decision of the court rendered after a trial at the Onondaga Special
Term overruling the defendants' demurrers to the plaintiffs' complaint.

*Albert F. Gladding* and *James R. Baumes*, for the appellants.

*Albert T. Benedict*, for the respondents.

PARKER, J.:

The complaint in this action avers that the plaintiffs are judg-
ment creditors of the defendant, the Sidney Sash, Blind and Furni-
ture Company; that the defendants, the First National Bank of
Earlville, the Sidney National Bank of Sidney, N. Y., and Charles
G. Brooks, conspired together with the defendant, the Sidney Sash,
Blind and Furniture Company, an insolvent corporation, to obtain
for the said banks, which were large creditors of such corporation,
an unlawful preference in the payment of their debts.

It then proceeds to state the manner in which that preference was
secured, substantially as follows: Judgments in favor of the banks
were suffered by the insolvent corporation to be taken against it, and
through executions issued thereon all the personal property of the
corporation that could be sold on execution was sold, and the price
realized on such sale was applied upon the judgments. It is also
averred that such property was bid off by the banks at a much less
sum than it was fairly worth. Such judgments also became and
still stand as prior liens to those of the plaintiffs' judgments upon
the real estate of such corporation. In order to reach the book
accounts and choses in action of such corporation, a pretended
sale was made to the defendant Brooks, of about $15,000 worth
thereof, for the pretended sum of $7,000, and Brooks took an
assignment of the same for the benefit of such banks. It does not

appear that Brooks was a creditor of the insolvent corporation or had any interest in its property, or in any of the transactions above stated, save as an assistant to the banks. He took and holds the property so assigned to him solely for their benefit and to enable them to gain an unlawful preference thereto.

The relief sought is that the judgments so obtained be declared void and of no effect as liens prior to those of the plaintiffs' judgments; that the defendant banks account for and pay over to a receiver of the corporation all that they have received or taken under and by reason of such judgments; and that said Brooks and the defendant banks account to such receiver for the value of the accounts so transferred to Brooks.

It is argued by the appellants' counsel that such complaint improperly joins two causes of action; the one against the corporation and the banks to set aside the judgments so unlawfully suffered to be taken, and the transfer of property obtained through them, in which the defendant Brooks has no interest whatever, and the determination of which cause of action would in no way affect Brooks; the other a cause of action to set aside the transfer of the accounts and choses in action to Brooks, which he holds for the benefit of the banks and in which it would seem that all the defendants are interested.

It is true that the facts set forth in the complaint may be so grouped and arranged as to present the two distinct causes of action above stated, but it is also evident that the pleader had no such plan in his mind when he drew such complaint. He based his right of action upon the fact that the defendant, the Sidney Sash, Blind and Furniture Company, being indebted to the plaintiffs in a large amount, and being utterly insolvent, had, under an arrangement with the other defendants, unlawfully appropriated all of its property to securing and preferring the debts of the two banks, and that in the transaction by which it was done Brooks had received and still holds some of the property so unlawfully applied.

The unlawful transfer, both through the sales under the judgments, and the sale to Brooks, is treated as an act done in pursuance of one scheme, and the complaint is framed upon the theory that in equity a right existed on behalf of the plaintiffs to have anything that was done in pursuance of that scheme adjudged fraudulent and void,

and to require all those who had received any property through it to account for the amount so received. All persons are, therefore, made parties who did in any manner participate in such transaction, and received anything through it.

The following cases are a plain authority that such an action may be brought, and such a complaint sustained: *Brinkerhoff* v. *Brown* (6 Johns. Ch. 139); *Fellows* v. *Fellows* (4 Cow. 682); *Boyd* v. *Hoyt* (5 Paige, 65). True these cases were decided before the Code of Civil Procedure, but the ground upon which the decisions are put is that in such cases there is but one cause of action averred; and, if that be so, then such a complaint is not demurrable, on the ground that two causes of action are improperly joined. (See, also, the following cases decided since the Code of Civil Procedure: *Holmes* v. *Abbott* (53 Hun, 617); *Oakley* v. *Tugwell* (33 id. 357); *Morton* v. *Weil* (33 Barb. 30); *Newbould* v. *Warrin* (14 Abb. Pr. 80).

But even if the analysis of the complaint which the appellants' counsel has made is the correct and only one of which it is susceptible, and the action must be deemed an attempt by judgment creditors to reach in a single action property unlawfully transferred to different persons by separate and distinct transfers, and in pursuance of separate and distinct agreements, yet the case of *Reed* v. *Stryker* (12 Abb. Pr. 47) is a direct authority that such a complaint must be sustained.

That decision was made by the Court of Appeals deliberately overruling a judgment of this court to the contrary.

It was made while a section of the Code of Procedure, substantially like section 488 of the Code of Civil Procedure, was in operation, and it has never been modified or criticised by any decision to which our attention has been directed. On the contrary, it is accepted by Justice MASON as having settled the rule in this State. (See *Newbould* v *Warrin*, 14 Abb. Pr. 86.) An examination of the report of the case in the 6th of Abb. Pr. 109 shows that the precise question was in that case which the appellants' counsel raises in this, and notwithstanding his very able argument to the contrary, we must consider that case as decisive against him.

As to the claim that there is a misjoinder of parties plaintiff, the cases above cited seem to be decisive against it. (Also, see *White's Bank of Buffalo* v. *Farthing*, 101 N. Y. 344, 347.)

The judgment on the demurrers should be affirmed, with one bill of costs to the plaintiffs only, and the defendants should have leave to answer within twenty days after a certified copy of the order herein is served upon them, and upon payment of the cost of the demurrers and of this appeal.

All concurred.

Interlocutory judgments affirmed, with one bill of costs only to the plaintiffs, and leave granted to the defendants to withdraw their demurrers and answer within twenty days, upon payment of costs of the demurrers and of this appeal.

