## STAGE v. VAN LEUVEN.

(Supreme Court, Appellate Division, Third Department. December 9, 1902.)

1. CHATTEL MORTGAGES — "UNSAFE CLAUSE" — RIGHTS OF MORTGAGEE — BAD FAITH—EVIDENCE—REPLEVIN.

Plaintiff executed a mortgage to defendant on a stock of groceries, providing that defendant might take possession and sell the property at any time he deemed the security unsafe. Plaintiff, after giving the mortgage, proceeded to sell the groceries at retail at the rate of $10 to $15 a day for nearly two months, without paying any of the proceeds on the debt, whereupon defendant took possession of the property. *Held*, that such evidence was insufficient to show that defendant acted in bad faith, and did not entitle plaintiff to recover the property in replevin.

Appeal from special term.

Action by Noah D. Stage against Daniel J. Van Leuven to recover personal property. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and CHESTER, JJ.

McClung & Witschief (Howard Chipp, of counsel), for appellant.
John M. Vanderlyn (John J. Linson, of counsel), for respondent.

KELLOGG, J. The plaintiff delivered to the defendant on January 3, 1900, a chattel mortgage to secure the payment of $581. A portion of the property mortgaged consisted of a stock of groceries. The mortgage contained the provision: "In case the said Daniel J. Van Leuven [the mortgagee] or his assigns shall at any time deem himself or said property debt or security unsafe, it shall be lawful for him to take possession of said property, and sell the same," etc. Immediately upon giving the mortgage, the plaintiff (mortgagor) proceeded to sell the groceries at retail, and at the rate of $10 to $15 per day, and continued to sell until February 26, 1900, using the proceeds of sale for various purposes, but none of it to pay the mortgage debt. On the date last named the mortgagee, claiming that he deemed the property and security unsafe, took possession of the groceries, and immediately the mortgagor commenced this action in replevin of the property so taken by the mortgagee. On the trial the defendant gave no testimony. The testimony offered by the plaintiff does not, in my opinion, in any manner attack the good faith of defendant in taking possession of the mortgaged property. There is nothing in the evidence from which it can be inferred that defendant did not deem himself or his security unsafe, and there is much which would be apt to produce in a prudent man a feeling of uneasiness. The security was diminishing at the rate of $10 to $15 per day. The margin of value over the mortgage does not appear to have been great, if any at all. So I think the plaintiff wholly failed to present facts from which a jury could properly find that defendant acted in bad faith, and did not "deem himself or said property debt or security unsafe," or that defendant acted from any other than prudential motives. There was, therefore, nothing to submit to the jury. The burden of proof in cases where bad faith is charged is upon the party alleging it. If no proof is offered upon

which bad faith can be predicated, the presumption of good faith remains unassailed. The allegation of unlawful taking is not proven. Jones, Chat. Mortg. 431; Smith v. Post, 1 Hun, 516; Allen v. Vose, 34 Hun, 57; Champagne v. Indian Medicine Co., 48 App. Div. 348, 63 N. Y. Supp. 26.

The judgment should be affirmed, with costs. All concur.