(48 Misc. Rep. 172.)

JONES et al. v. CONLON et al.

(Supreme Court, Special Term, New York County. August, 1905.)

1. SUMMONS—ACTION BY SEVERAL PARTIES—DIFFERENT ATTORNEYS.

Though Code Civ. Proc. §§ 417, 418, providing that the summons must be subscribed by plaintiff's attorney, who must add to his signature his office address, and prescribing as a part of the form of summons, "You are hereby summoned * * * to serve a copy of your answer on the plaintiff's attorney," do not bear on the point, the general principles of orderly practice forbid a summons signed by one attorney for some of the plaintiffs and by another attorney for other plaintiffs.

2. SAME—AMENDMENT.

The power given by Code Civ. Proc. § 723, to amend at any stage of the action, authorizes amendment of the summons, so that all the plaintiffs shall be represented by the same attorneys.

Action by Winnifred Jones and others against Eva K. Conlon and another. Defendants move to strike out the summons. Granted conditionally.

Morris A. Tyng, for the motion.
Sackett & McQuaid, George S. Daniels, and B. P. Ryan, opposed.

GIEGERICH, J. The action is brought by the plaintiffs, as the complaint states, "on behalf of themselves and all other judgment creditors of the defendant Eva K. Conlon, whose executions have been returned unsatisfied, and who shall in due time come in and seek relief by and contribute to the expenses of this action." The relief demanded, among other things, is that a deed from the defendant Conlon to the defendant Morris be declared void as against the plaintiffs and such other judgment creditors as come in and contribute to the expenses of the action. The summons served was signed as follows:

"Geo. S. Daniels and B. P. Ryan, Attys. for Jones & McGarrick, 32 Nassau St., Manhattan, N. Y. City. Sackett & McQuaid, Attys. for B. J. Castello, 154 Nassau St., Manhattan, N. Y. City."

This summons the defendants now move to set aside on the ground it does not comply with the requirements of sections 417 and 418 of the Code of Civil Procedure. The question presented seems to be entirely novel. No adjudication on the point is cited in either brief and I have been unable to find any. Neither does the language of the statute help. Section 417 in part provides that the summons "must be subscribed by the plaintiff's attorney, who must add to his signature his office address"; and section 418 contains the following, as a part of the prescribed form of a summons:

"You are hereby summoned ∗ ∗ ∗ to serve a copy of your answer on the plaintiff's attorney," etc.

The singular form of the word "attorney" is used, to be sure, but this cannot be taken as indicating that there can be no more than one attorney on the plaintiff side of the case, it being established practice, of course, that there may be several attorneys appearing either under their individual or their firm name. The use of the singular form of the word "attorney" is no more significant than the use of the singular form of the word "plaintiff's." In either case the singular is used as the simple and natural mode of expression, without any intent to exclude the plural, but to embrace it. But, although nothing is found in the decisions or in the language of the statute bearing on the point in question, I have no hesitation in holding, on general principles of orderly practice, that the form of summons here attempted to be used is indefensible. The plaintiffs' attorneys seek to support the practice adopted by them upon the rule, which is well established in this state, that judgment creditors, holding distinct and several judgments, may unite in an action to set aside a conveyance by the common debtor, made in fraud of their rights as credtiors. White's Bank of Buffalo v. Farthing, 101 N. Y. 344, 4 N. E. 734. See, also, sections 446-448, Code Civ. Proc.

The difficulty in the present case, however, is that the judgment creditors did not unite to the extent shown in that and in all other cases I have been able to find, and to the extent required by orderly practice, viz., of having the same attorney. Unless unity and harmony of action in the conduct of the case on the plaintiff side is secured by requiring all plaintiffs to appear by the same attorney or attorneys, great confusion would be introduced. One group of plaintiffs and attorneys might differ from another in numberless ways as to the best course to follow. One group might want and move for one thing and another for another. It is necessary, from the nature of things, to permit different defendants, whose interests may vary in infinite ways, to appear by different attorneys. Any complexity resulting from such separate appearances the courts and Legislatures perforce have made the best of, and have met and handled by suitable statutes and rules of practice, which are reasonably adequate and are well known. There

is no necessity, however, for permitting such privilege of separate representation to plaintiffs. They have a choice, which defendants have not, whether they will unite in the action. If they wish to unite in the action, but cannot at the outset agree upon some attorney or attorneys to represent all, it augurs ill for the harmony of the future conduct of the case. My conclusion is that to permit this summons to stand in its present form would needlessly open up a field of unknown difficulties and troubles.

Now, as to the relief to be accorded the defendants, I am of the opinion that the broad powers conferred upon the court to amend at any stage of the action by section 723 of the Code of Civil Procedure are sufficient to warrant permission to the plaintiffs to amend their summons, so that all shall be represented by the same attorneys, as an alternative to granting the motion to strike out. The motion will therefore be granted, with $10 costs, unless the plaintiffs, within 10 days after entry of the order, pay $10 costs of this motion and amend their summons in the manner indicated.