### LOEWENSTEIN v. LOEWENSTEIN.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. PARTNERSHIP—DISSOLUTION—DEATH OF MEMBER.

The death of a partner dissolves the firm, and the legal title to its property vests in the surviving partner, but only for the purpose of winding up the business and settling the partnership affairs.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, §§ 509-513.]

2. CHATTEL MORTGAGES—PAYMENT.

The purchase by an executrix of a chattel mortgage executed by a firm of which testator was a member was not a payment of the mortgage.

3. SAME—ENJOINING FORECLOSURE.

A firm mortgaged machinery and fixtures constituting almost the entire working capital. After the death of one of the partners, his executrix purchased the mortgage. *Held* that, in the absence of any showing by the other partner that the mortgage was void or that he was ready and able to pay it, he was not entitled to enjoin the executrix from foreclosing it.

Appeal from Special Term, New York County.

Action by Louis Loewenstein, individually and as surviving partner of the firm of M. Loewenstein & Son, against Bertha Loewenstein, individually and as executrix of Meier Loewenstein, deceased. From an order granting a motion restraining defendant from foreclosing a chattel mortgage, she appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

August P. Wagener, for appellant.
Morris J. Hirsch (Charles Grossman, of counsel), for respondent.

CLARKE, J. This is an appeal from so much of an order made at Special Term upon an application for an injunction pendente lite as grants the motion to the extent of restraining the defendant from foreclosing a chattel mortgage. Section 603 of the Code of Civil Procedure provides that:

"Where it appears from the complaint, that the plaintiff demands, and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it. The case, provided for in this section,

is described in this act, as a case where the right to an injunction depends upon the nature of the action."

We have recently held in Goldman v. Corn (Sup.) 97 N. Y. Supp. 926, that the facts must be alleged in the complaint showing that the plaintiff is entitled to injunctive relief, and that such right cannot be established by affidavits. It becomes necessary, therefore, to examine the complaint, for if the complaint is not good the order cannot be sustained. The plaintiff sues individually and as surviving copartner of the firm of M. Loewenstein & Son, alleging that he was the son of Meier Loewenstein, the defendant, his mother, individually and as executrix of the last will and testament of his father. The complaint alleges that for several years prior to the 11th day of May, 1905, his father and himself were copartners in the steam laundry business; that his father was the owner of a three-fourths interest and the plaintiff a one-fourth interest; that the said Meier Loewenstein died about the 111th day of May, 1905, in the city of New York, leaving a last will and testament, wherein the defendant was nominated as executrix, which will was duly admitted to probate, and letters testamentary were issued to the defendant, who entered upon her duties as such executrix, and ever has and still is performing the same; that by the will defendant received the income of the estate of the said decedent for and during the term of her natural life, and upon her death said estate was to be divided into nine equal shares, to be distributed equally among the nine children, one of whom was the plaintiff; that subsequent to the death of Meier Loewenstein, plaintiff has conducted the business of the firm as surviving partner; that prior to the death of the said Meier Loewenstein, plaintiff and the said Meier Loewenstein, as copartners, made, executed, and delivered a chattel mortgage upon some of the machinery and fixtures then owned by the said copartnership to one Gustave Rosenblatt, to secure the sum of $2,400; that the said chattel mortgage was subsequently transferred and assigned to one Samuel Rosenblatt, who remained the owner thereof up to the 26th day of December, 1905, at which time the defendant, as executrix of the last will and testament of Meier Loewenstein, and out of the funds of the estate of said Meier Loewenstein, deceased, paid the said chattel mortgage, and secured an assignment of the same to herself, as such executrix; that on or about the 4th day of January, 1906, the defendant placed, or assumed to place, in possession of the chattels mentioned and described in said mortgage a marshal of the city of New York, and seized, or assumed to seize, all of the said machinery and fixtures described in said mortgage; that the defendant threatened to sell all the said fixtures and machinery referred to in said chattel mortgage, and a day was fixed for the sale; that the said machinery and fixtures comprised almost the entire working capital of the said firm and a greater portion of the assets thereof. Upon information and belief, the seizure by the defendant, under and by virtue of the said chattel mortgage and the threatened sale thereof, is made for the purpose of preventing the continuance of the said business, and for the purpose of disrupting the same, and for the purpose of wiping out all right, title, and interest of the plaintiff in and to the interest of M. Loewenstein &

Son, and for the purpose of hindering, delaying, and annoying the plaintiff in the conduct of the said business, as surviving partner of the business, and the only object of the defendant in paying the said mortgage was thereby acquiring a handle over the plaintiff in attempting to force the plaintiff to accept a lesser sum than theretofore agreed upon, and upon the failure of plaintiff to meet the demands of the defendant to foreclose the chattel mortgage, purchase the property, and thereafter take the said business for her own use and benefit, to the exclusion of the rights of the plaintiff. Wherefore, he demands judgment inter alia that the defendant, her agents, servants, and attorney, and any marshal of the city of New York, be restrained from taking any proceeding under and by virtue of said chattel mortgage.

Upon the death of a partner, the partnership is ipso facto dissolved. The legal title to the property and assets of the partnership thereby become vested in the surviving partner only for the purpose, however, of winding up the business and settling the partnership affairs. From the allegations of the complaint it would appear that the plaintiff has continued the business, not for the purpose of winding it up, but as a going concern. There is no allegation that the chattel mortgage referred to was void in its inception for any reason, or that the same has been paid by plaintiff, or that the plaintiff has offered to or is ready to pay the same. The defendant, as executrix of the estate of her dead husband, is not a copartner in the business, and a purchase by her of the mortgage was not a payment thereof. It is an existing obligation against the specific articles included and covered by it, and I know of no principle by which such purchase can be held to be a payment thereof, or any principle under which an injunction to prevent the foreclosure of a valid outstanding mortgage, under the circumstances alleged in this complaint, could be granted.

Therefore, the order appealed from should be modified by striking out the portion appealed from granting the injunction, and, as so modified affirmed, with costs to the appellant. All concur.