(115 App. Div. 109)

### MAINE PRODUCT CO. v. ALEXANDER.

(Supreme Court, Appellate Division, First Department.    October 19, 1906.)

1. INJUNCTION—GROUNDS FOR RELIEF—PLEADING.

> Under Code Civ. Proc. § 603, authorizing an injunction where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant, where no relief was asked for in relation to defendant acting as general manager of plaintiff, and no facts were shown entitling plaintiff to a judgment for such relief, the court was not justified in restraining defendant from acting as general manager pending an action against him.

2. SAME.

> Under Code Civ. Proc. § 604, authorizing an injunction where it appears by affidavit that defendant during the pendency of an action is doing, or procuring to be done, or threatening, an act in violation of plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, the court was not justified in restraining defendant from acting as general manager of plaintiff corporation pending an action against him, where it was not shown that defendant was threatening to so act, and such intention was expressly disclaimed by him, and no act of his as general manager could render any judgment for plaintiff ineffectual.

3. SAME—ORDER—DELIVERY OF BOOKS OF CORPORATION.

> In an action to set aside a transfer of stock for alleged fraud in the contract under which it was delivered to defendant as compensation for acting as general manager of plaintiff corporation, a summary order directing defendant to surrender to plaintiff in a specified time all the books and other property of the plaintiff in his possession as such general manager was not justified, being unauthorized by any rule of practice, and no such relief being asked for in the complaint.

Appeal from Special Term, New York County.

Suit by the Maine Product Company against Alexander Alexander. From an order granting an injunction, defendant appeals.    Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward A. Alexander, for appellant.

Lewis H. Freedman, for respondent.

INGRAHAM, J.    The defendant was appointed general manager for the plaintiff by a contract whereby the plaintiff employed the defendant as general manager for a period of five years, from the 15th day of July, 1905, and issued to the defendant 1,000 shares of the common stock of the company at the par value of $100 each as compensation for his services as such general manager for the five years.    The plaintiff further alleges that this contract was obtained by fraud, and that subsequently, upon ascertaining the fraud, the plaintiff passed a resolution rescinding the contract and discharging the defendant as general manager.    The fraud is strenuously denied by the defendant, and the plaintiff made a motion for an injunction restraining and enjoining him from acting as general manager for the plaintiff, and directing him to surrender to the plaintiff all the books and papers and other property of the plaintiff in his possession.

There is no demand in the complaint for any injunction to restrain

the defendant from acting as general manager, or any relief in relation thereto. The court is authorized to grant an injunction in two cases: First, by section 603 of the Code of Civil Procedure an injunction is authorized "where it appears, from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it." As no relief is asked for in relation to the defendant acting as general manager, and no facts are shown that would entitle the plaintiff to a final judgment for such relief, the court was not justified in granting an injunction restraining the defendant from acting as general manager under this section. The other case in which an injunction is granted is provided for by section 604 of the Code. An injunction is there provided for "where it appears, by affidavit, that the defendant, during the pendency of the action, is doing or procuring, or suffering to be done, or threatens, or is about to do or to procure, or suffer to be done, an act, in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom," or "where it appears, by affidavit, that the defendant, during the pendency of the action, threatens, or is about to remove or dispose of his property, with intent to defraud the plaintiff, an injunction order may be granted to restrain the removal or disposition." It is quite clear that this section does not apply and the injunction is not authorized under it. No act of the defendant claiming to be general manager can render any judgment that the plaintiff can obtain in this action ineffectual. If the resolution dismissing the defendant was authorized, no act of the defendant as general manager will bind the company. Indeed, it is probable that the act of the company in dismissing the defendant as general manager would, whether justified or not, terminate his power to bind the company, leaving him to recover his damages he sustained in consequence of a violation of his contract by the plaintiff. There is nothing to show that the defendant threatens to act as general manager, and such intention is expressly disclaimed by the defendant; the court was not therefore justified in restraining the defendant from acting as general manager pending the action. The order appealed from then directs the defendant to surrender to the plaintiff within 48 hours "all the books, papers, and other property of the plaintiff in his possession as general manager of the plaintiff." No section of the Code and no provision of law is cited which justified such an order. No such relief is asked for in the complaint. If the defendant has property belonging to the plaintiff, the plaintiff can obtain possession of it by a proper action, or recover damages for its retention by the defendant if the defendant unlawfully retains it; but I know of no practice that justifies the court in an action of this kind by a summary order to require a party to an action to deliver to another all property that the defendant possesses which the plaintiff claims belongs to him.

I think the order should be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.