(69 Misc. Rep. 64.)

ABRAMSON v. PATTS et al.

(City Court of New York, Special Term. September, 1910.)

CHATTEL MORTGAGES (§ 250*)—BREACH—PROVISION TO PAY MONEY IN INSTALLMENTS.

A breach of an agreement to pay money in installments is not a breach of an entire contract, and will not permit recovery of all the damages in advance; and hence, where a chattel mortgage given to secure payment of 12 notes as they should become due merely provided that upon default

in payment of the principal sum the mortgagee could seize the mortgaged property, a breach of the provision does not occur until the last note first becomes due, and the mortgagee cannot, prior thereto, gain possession of the mortgaged property under a writ of seizure.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 523; Dec. Dig. § 250.*]

Action by Robert Abramson against Mary Patts and another. On motion to vacate a writ of seizure. Motion granted.

Henry Kuntz, for plaintiff.
Samuel Fine, for defendants.

FINELITE, J. An order to show cause was heretofore granted by one of the justices of this court, returnable this day, why an order should not be granted herein setting aside the writ of seizure made herein on August 27, 1910, and why an order should not be made directing the plaintiff, his attorney, the sheriff of the county of New York, or his deputy, to relinquish possession of the goods and chattels named in said writ, and why such goods and chattels should not be delivered over into the custody of the defendants, and why the defendants should not have such other and further relief in the premises as to the court may seem just and proper.

It appears from the papers submitted upon the motion that the plaintiff's assignor sold goods, wares, and merchandise contained in the premises No. 1007 Southern Boulevard, borough of the Bronx, in the city of New York, to one Jennie Abramson, defendants' assignor, for a consideration; that said Jennie Abramson, as collateral security for the payment of the sum of $1,300, made and executed and delivered to the said plaintiff's assignor a chattel mortgage covering the property so sold and delivered, which chattel mortgage was duly recorded in the proper office in the city of New York, and was given to secure the payment of 12 promissory notes, one in the sum of $500, due August 17, 1910, with interest, and the remaining payable, respectively, in the sum of $75 each, on the 17th day of each month thereafter until the full amount is paid, with the exception that the last note is in the sum of $50, due July 17, 1911. Said mortgage given to secure said notes provided, upon condition that if the said party of the first part shall and do well and truly pay unto the said party of the second part, her executors, administrators, and assigns, the sum of $1,300 in installments as aforesaid, then these presents shall be void. And the said party of the first part, for herself, her executors, administrators, and assigns, does covenant and agree to and with the said party of the second part, her executors, administrators, and assigns, that, in case default shall be made in the payment of the said sum above mentioned, then it shall and may be lawful for, and the said party of the first part does hereby authorize, said party of the second part, her executors, administrators, and assigns, with the aid and assistance of any person or persons, to enter her dwelling house, store, and other premises, and such other place or places as the said goods and chattels are or may be placed, and take and carry

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

away the said goods and chattels, and to sell and dispose of the same for the best price she can obtain, and out of the money arising therefrom retain and pay the said sum above mentioned, and all charges touching the same, rendering the overplus, if any, unto her heirs, executors, administrators, and assigns.

The defendant contends that, although she has defaulted in the payment of said first note, a writ of seizure could not be issued against said property, for the reason that the conditions of said mortgage or the covenants therein contained do not warrant it. Thus a serious question is presented to me as to whether, when a mortgage is made in the manner herein described, and a default occurs in the payment of one of said notes, the plaintiff under said mortgage can take possession of said property. The plaintiff contends that irrespective of said mortgage failing to contain a clause "that upon the failure to pay any one of said installments mentioned therein the whole amount, upon default in payment of one of said notes, becomes due immediately," and cites numerous authorities to uphold his contention; but from an examination of one of them I find that he has not fully read the authority quoted as written by the learned judge. Counsel also cites Baumann v. Cornez, 15 Daly, 450–452, 8 N. Y. Supp. 480, 481. Judge Bischoff, in writing the opinion, said:

"A stipulation in a chattel mortgage that upon default in the payment of the sum secured, or any installment thereof, or upon the removal of the chattel without the consent of the mortgagee, the mortgage debt remaining unpaid shall at once become due and payable without demand, and if not paid the mortgagee may proceed to take possession, is not unconscionable, and contravenes no law or rule of public policy; and upon such default the mortgagee's right to possession accrues without prior demand for payment of the mortgage debt. * * * *And this mortgage also contained a clause that upon default in the payment of the sum secured or of any part thereof or any of the installments thereof, or in case of any attempt to remove or secrete or to sell or dispose of the mortgaged chattels or any part thereof; * * * * also* that the mortgagee might, whether any installment was due and unpaid or not, take possession of the chattels at any time and retain the same to his own use and benefit, in which latter case, however, the mortgagee should return to the mortgagor all moneys then actually paid by the mortgagor on account of the mortgage debt, after first deducting from such moneys a reasonable sum for cartage and for the depreciation of the chattels from use."

The conditions herein above recited, giving unto the mortgagee power to remove and take said property, were, first, upon default in the payment of the sum secured or of any part thereof, or, second, any of the installments thereof; but the mortgage upon which the motion is predicated contains no such provisions, as the only condition that can be spelled out wherein said mortgagee can seize said property is contained in the following clause, to wit: "That in case default shall be made in the payment of the said sum above mentioned, then it shall and may be lawful" for the said party of the first part, etc., to seize said property, which could not mean anything else except upon the failure to pay the principal, $1,300, secured by said notes. Robinson v. Wilcox, 2 N. Y. Leg. Obs. 160; Halstead v. Swartz, 46 How. Prac. 289. The breach of the mortgagee's contract does not occur until the last note first becomes due and payable, and the plaintiff cannot, in the absence of a special provision in said mort-

gage, be permitted to call the whole amount of the mortgage due upon the ground of an entire breach. A breach of an agreement to pay money in installments is not a breach of an entire contract, and will not permit recovery of all the damages in advance. Wharton & Co. v. Winch, 140 N. Y. 287, 35 N. E. 589; Moore v. Taylor, 42 Hun, 45.

As provided in said mortgage, until "default shall be made in the payment of said sum mentioned, the mortgagor is to retain and continue in the quiet and peaceful possession of said goods and chattels and the full and free enjoyment of the same." There is no break in the entire condition from the quotation above unto the end. The covenants as to default and peaceable enjoyment follow the former conditions directly, and are part and parcel thereof. They must all be read together. So reading them, the condition is not broken until default is made in the payment of the entire sum, namely, $1,300, therein "above mentioned," when the total becomes absolute. It is upon that default, and that alone, that the right to seize the property becomes absolute. And it is upon that default, and that alone, that the mortgagor loses his right to remain and continue in quiet and peaceful possession. This construction is in harmony with the condition proper and with every one of the sequences which follows. Any other construction would be incongruous and vacillating, and would require the court really to reframe the condition so as to mature the entire debt upon the nonpayment of any one of the notes. Earle v. Gorham Mfg. Co., 2 App. Div. 460, 37 N. Y. Supp. 1037.

For the reasons herein stated, the motion to vacate the writ of seizure is granted.

Motion granted.