WILLIAM G. CARTER and Another, Plaintiffs, *v.* JAY PHILLIPS and Another, Defendants.

Supreme Court, Lewis County, September 11, 1926.

Mortgages — chattel mortgage — action to replevy mortgaged property seized by mortgagee — motion for injunction pendente lite to restrain mortgagee from selling property — mortgage provided for monthly payments but contained no default clause making all payments due on single default — first monthly payment was not made and mortgagor seized property — mortgagee did not have right to seize property because of failure to pay installment — whether or not danger clause of mortgage justified seizure is close question — injunction pendente lite will be granted under Civil Practice Act, § 878.

In an action by a chattel mortgagor to replevy the mortgaged chattels which were seized by the mortgagee following default in the payment of the first monthly installment, it appears that the mortgage contains no clause making all of the installments due upon the default of the payment of a single installment. Therefore, the mortgagee did not have the right to seize the property on the ground that the mortgagor had failed to pay a single installment under the terms of the mortgage, and whether or not the seizure was made under the danger clause of the mortgage, in good faith, and with reasonable ground for belief that the security was not sufficient to satisfy the amount of the mortgage, was a close question, and, therefore, the plaintiff is granted an injunction *pendente lite,* under section 878 of the Civil Practice Act, to restrain the sale of the mortgaged property by the mortgagee until after the trial of the action, which will determine whether or not the mortgagee acted within his rights in seizing the property.

A mandatory injunction requiring the return of the property immediately to the plaintiff is not issued for the reason that it was not demanded in the complaint, and for the further reason that to issue a mandatory injunction before the trial would be, in effect, a determination of the litigation prior to a trial on the merits.

MOTION by plaintiffs for injunction *pendente lite* to restrain defendants from selling plaintiffs' property taken under a chattel mortgage and to compel the return thereof.

*Conboy & Hendricks,* for the plaintiffs.

*Kilby, Norris & Smith,* for the defendants.

MICHAEL J. LARKIN, J.    The complaint in this action demands judgment: (1) That defendants be enjoined and restrained pending the trial and determination of this action from selling certain property seized by defendants under a chattel mortgage; (2) that plaintiffs recover judgment requiring the return of the property and damages for the wrongful detention thereof.

On July 16, 1926, plaintiffs bought of the defendant Phillips five cows for the sum of $300, and as security for the payment of said sum gave to said defendant a chattel mortgage covering the

cows purchased, and as additional security a Nash roadster automobile.

Payment of the $300 was to be made by plaintiffs depositing to the credit of the defendant Phillips at the National Exchange Bank of Carthage, N. Y., the sum of $25 on the twentieth day of each month, commencing August 20, 1926, until the whole of the principal sum was paid.

On August 20, 1926, Mabel W. Carter, one of the plaintiffs and wife of the plaintiff William G. Carter, was away from home and no payment or tender thereof was made on that day. The following morning the defendant Jones, a constable, acting as the agent for his codefendant Phillips, took possession of the mortgaged property and immediately proceeded to sell the same at public sale to satisfy the mortgage indebtedness.

The plaintiff William G. Carter states in his reply affidavit that at the time possession was taken by the defendant Jones he was told that possession was taken because of the failure on the part of the plaintiffs to make payment of twenty-five dollars, which was due and payable on August 20, 1926.

At the time the property was taken the plaintiffs offered to pay the constable, Jones, the installment of twenty-five dollars then due, Jones refusing to take the money, but saying that he would notify the defendant Phillips of the offer. It also appears that on the same day plaintiffs went to the Carthage Bank and made an effort to pay to the credit of the defendant Phillips said amount, but were informed by the president of the bank that any settlement would have to be made with Phillips, although the president says no money was tendered.

The defendant Phillips admits that subsequently and on August 25, 1926, plaintiffs served a notice on him offering to pay the installment then past due, but denies that any money was tendered. The plaintiff William G. Carter states that he offered the money due and demanded the return of the property and that he also on the same day again went to the Carthage Bank and offered to pay the money to the credit of Phillips, which was refused.

The affidavit of the defendant Jones, the constable acting for Phillips, contains no statement that he informed the plaintiffs, or either of them, of any reason for the seizure.

It is the claim of the plaintiffs that the seizure was made because of their failure to pay the installment of twenty-five dollars due on August 20, 1926, and that such action was, therefore, illegal and void.

The answering affidavits submitted on the part of the defendants advance the claim that the seizure was made under the so-called

safety or danger clause contained in the chattel mortgage and was legal and justified.

The mortgage contained no provision that the whole amount secured thereby should become due and payable in case of default of any installment. The mortgagee, Phillips, was, therefore, without power to enforce the default by seizure and foreclosure of the mortgaged property merely because the plaintiffs failed to pay one installment due on August 20, 1926. (*Earle* v. *Gorham Mfg. Co.*, 2 App. Div. 460; *Abramson* v. *Patts*, 69 Misc. 64; *Corrigan* v. *Sammis*, 65 id. 473.)

While the safety or danger clause is valid, the mortgagee was bound to act in good faith and not capriciously or maliciously deem himself unsafe. (*Darling* v. *Hunt*, 46 App. Div. 631; *Oppenheimer* v. *Moore*, 107 id. 301.)

A mortgagee assuming to take possession of mortgaged property under a danger clause must show some grounds for the claim of insecurity. (*Hawvee* v. *Bell*, 46 N. Y. St. Repr. 447; affd., 141 N. Y. 140.)

In the instant case the mortgage was given a few days more than a month before the seizure, and apparently the security was as good and valuable at the time of the seizure as when the mortgage was given.

While it is not the province or intent of this court to pass upon the good faith of the seizure, the court is of the opinion that the papers presented show a very close case on the facts and under all of the circumstances the ends of justice will be subserved and the parties protected in their rights by restraining the sale of the mortgaged property until the trial and determination of the action.

If plaintiffs are right in their contention that the seizure was made because of default in making installment payment of twenty-five dollars, this action may be maintained.

In *Moore* v. *Prentiss Tool & Supply Co.* (133 N. Y. 144) the court (at p. 149) said: " If the property is taken from his possession wrongfully during the time when, by the terms of the mortgage, he is entitled to retain possession thereof, he may maintain an action for conversion against any wrongdoer — even against the mortgagee."

This action having been brought to recover possession of their mortgaged property, plaintiffs are entitled to injunctive relief *pendente lite* to protect their rights to final judgment. (Civ. Prac. Act, § 878; *Goldstein* v. *Societa Veneziana*, 193 App. Div. 168, 173; *Disbrow* v. *Garcia*, 52 N. Y. 654.) In the case last cited an injunction was issued restraining, during the pendency of the action, the disposition of a bond, title to which was in dispute.

Defendants argue that plaintiffs are not entitled to injunctive relief under section 877 of the Civil Practice Act and cite as authority the case of *Loewenstein* v. *Loewenstein* (114 App. Div. 65).

This is not an equitable action but one at law and the right to relief is governed by the provisions of sect on 878 of the Civil Practice Act. However, in the opinion of the court, the *Loewenstein* case would not be in point, even under section 877. It was held in that case that on a motion for an injunction *pendente lite*, where the right thereto depended upon the nature of the action, the right to relief must appear in the complaint and cannot be established by affidavit, and further that the complaint in that action did not allege sufficient facts to justify the granting of a temporary injunction restraining the foreclosure of a chattel mortgage. In the case at bar the complaint and affidavits set forth and allege facts sufficient to justify injunctive relief. There is nothing in the *Loewenstein* case which holds that where property covered by a chattel mortgage is to be sold on foreclosure the sale thereof may not. be restrained if the seizure and possession of the mortgaged property was illegal and not justified.

It is also urged that the plaintiffs have the burden of proof in showing lack of good faith in deeming the mortgaged property unsafe. (*Stage* v. *Van Leuven*, 77 App. Div. 646; *Nuccio* v. *O'Connor*, 202 id. 108; *Smith* v. *Post*, 1 Hun, 516, 518.) While this should be given consideration, it is a matter to be developed upon the trial rather than upon this motion.

A mandatory injunction requiring the return of the property to the plaintiffs will not issue for the reason that it was not demanded in the complaint, although asked for in the notice of motion and upon the oral argument. The complaint demands judgment for the return of the property after trial.

In *Maine Products Co.* v. *Alexander, No. 1* (115 App. Div. 109) the court (at p. 112) said: " No section of the Code and no provision of law is cited which justified such an order. No such relief is asked for in the complaint. If the defendant has property belonging to the plaintiff the plaintiff can obtain possession of it by a proper action, or recover damages for its retention by the defendant if the defendant unlawfully retains it; but I know of no practice that justifies the court in an action of this kind by a summary order to require a party to an action to deliver to another all property that the defendant possesses which the plaintiff claims belongs to him."

A mandatory injunction would in effect be a determination of this litigation and should not be granted when the right to the possession of the property is to be determined at a trial upon the merits, nor will it be granted where it gives the same relief which it is expected

to obtain by the judgment, unless the plaintiff's right thereto is clear. (*Maloney* v. *Katzenstein*, 135 App. Div. 224, 226.) A trial would be necessary principally to dispose of the injunction. (*Andrews* v. *Glenville Woolen Co.*, 50 N. Y. 282, 288.)

An injunction order may issue restraining and enjoining the defendants from selling or disposing of the property seized until the trial and determination of this action, with ten dollars costs of motion to abide event. So ordered.