MAURO VALENTI and Another, Respondents, *v.* VITO SPIATTO and Another, Appellants.

Fourth Department, March 28, 1928.

**Adjoining landowners — encroachment — action to recover damages — action based on construction of concrete driveway alleged to be partially on plaintiffs' land — defense of practical location of boundary — no allegation of irreparable injury or inadequacy of remedy at law — temporary injunction denied.**

Plaintiffs are suing to recover damages for trespass by the defendants and for injunctive relief. Plaintiffs allege that the defendants constructed a concrete driveway along the east side of their lot which encroaches sixteen inches on plaintiffs' property but the complaint does not allege possession by the plaintiffs at the time of the alleged trespass, inadequacy of a remedy at law, or that they will suffer irreparable damages. Defendants deny the encroachment and allege that the boundary was practically located about forty years ago.

Under the circumstances and in view of the sharp dispute of fact in reference to the boundary line and in the absence of any allegation showing irreparable injury or inadequacy of legal remedy, the plaintiffs are not entitled to an injunction *pendente lite.*

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 1st day of September, 1927.

*Frederick Weidman,* for the appellants.

*James S. Bryan,* for the respondents.

PER CURIAM. Plaintiffs are the owners of a lot in Rochester, described in their deed as being thirty-two feet wide front and rear, and eighty-five and one-half feet deep. Defendants are the owners and in possession of a lot adjoining the lot of plaintiffs, and being thirty-three feet wide.

Plaintiffs allege that on or about September, 1925, defendants laid a cement driveway on the east side of their lot, extending from the front to the rear thereof, and that said driveway encroaches sixteen inches on lands of the plaintiffs, and defendants are continually using said driveway against the plaintiffs' protests, and that by reason of said trespass plaintiffs were damaged in the amount of $250.

In their prayer for relief plaintiffs demand judgment for said amount of damages, and they ask for injunctive relief.

By their answer defendants deny that they are encroaching on lands of plaintiffs, and allege that since 1888 the line between the premises of the parties has been practically located by a fence, recognized by both parties, which plaintiffs illegally destroyed in July, 1927.

There is no allegation in the complaint that the plaintiffs were in possession of the disputed tract of land at the time of the alleged trespass, or that they have not an adequate remedy at law, or that they will suffer irreparable injuries and damages by any acts of defendants.

Upon the complaint and affidavits in support of their allegations the plaintiffs obtained an order enjoining the defendants during the pendency of the action from interfering with plaintiffs in the erection and maintenance of a fence and the use of the property referred to in the complaint.

This is a dispute over a division line, and the injunction should not have been granted when the right to the possession of the property was in dispute and could be determined at a trial upon the merits, and particularly when the complaint contains no allegation showing that the injury complained of is irreparable, or that the plaintiffs have no adequate remedy at law. (*Maloney* v. *Katzenstein,* 135 App. Div. 224; *Carter* v. *Phillips,* 127 Misc. 903, 906; *Lakes Island Realty Co.* v. *McDermott,* 96 id. 37, 41; 32 C. J. 134.)

Upon the pleadings and papers it is clear that plaintiffs' right to recover presents a sharp question of fact and under the circumstances they should not be permitted to determine the litigation by an injunction *pendente lite* when they could get full relief, if entitled thereto, by a judgment after a trial.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the temporary injunction heretofore granted should be vacated, and the motion for an injunction denied, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order reversed, with ten dollars costs and disbursements, temporary injunction vacated and motion denied, with ten dollars costs.